**Aveler Wynn BENTON, Plaintiff-Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.**

**No. 14746.**

United States Court of Appeals
Sixth Circuit.

Aug. 9, 1962.

180

John J. Thomason, Memphis, Tenn.
(Nelson, Norvell, Wilson & Thomason,
John J. Thomason, James V. Ball, Memphis, Tenn., on brief), for appellant.

Dunlap Cannon, Jr., Memphis, Tenn.
(Dunlap Cannon, Jr., Wade H. Sides,
Jr., Memphis, Tenn., on brief), for appellee.

Before MILLER, Chief Judge, and
McALLISTER and WEICK, Circuit
Judges.

McALLISTER, Circuit Judge.

In 1959, Carson L. Deuberry was the owner of an automobile delivery truck which was insured against liability by the State Farm Mutual Automobile Insurance Company. In 1960, Deuberry entered into an agreement with Adell Butler, in which Butler agreed to purchase the truck for $200.00. Deuberry delivered the keys and the truck to Butler; but retained the certificate of title until Butler could pay a substantial part of the purchase price. Butler paid nothing on the purchase price and a month after he received the truck from Deuberry, he was involved in an accident with the truck, in which Clem B. Benton was killed. Benton's widow, appellee in this case, sued Butler for his negligence in causing her husband's death and received a judgment. She thereupon sued the insurance company, claiming that Deuberry was the owner of the truck at the time of the accident; that Butler was driving it with the consent of Deuberry; that, under the terms of the insurance policy, Butler, therefore, became an additional insured; and that the insurance company was liable for the damages suffered.

The sole issue before us is whether Adell Butler was the owner of the automobile at the time of the injury, or whether he was merely driving the automobile with the consent of the owner, C. L. Deuberry. If Deuberry was the owner of the automobile at the time of the injury, the judgment against his insurer should be affirmed; if Adell Butler was the owner of the automobile, the insurance company is not liable since it was not, at the time of the accident, the insurer of Deuberry, and Butler was, therefore, not an additional insured. The district court held that Deuberry was the owner of the car at the time of the accident, and entered a judgment against appellant insurance company. Appellant insists that Butler was the owner of the car at the time of the accident and, therefore, not being the insurer of Butler, it is not liable, and that the judgment should, accordingly, be reversed.

The district court, in its findings of fact and conclusions of law, based its judgment on two grounds: (1) That Butler, at the time of the accident, was using the car with the express permission of Deuberry; that at the time Butler took possession of the truck, Deuberry deliberately retained the ownership and retained the certificate of title thereon until he could receive a substantial sum in payment of the purchase price; that, accordingly, Butler was an "additional insured" under Deuberry's policy; and

that the insurance company was liable for the damages under the policy; and (2) that no transfer of title was made by Deuberry to Butler and that, therefore, under the provision of the Tennessee statute, Sections 59–112(b) and 59–319 of the Tennessee Code Annotated, defining an "owner" of a motor vehicle, and providing for transfer of title, Deuberry, after the sale agreement, continued to be the owner, since ownership could not pass without compliance with Section 59–319.

▮ We are of the view that the district court's findings of fact were sustained by the evidence.

Butler never claimed he was the owner of the car. He testified that he "bargained to buy the truck"; that he "couldn't sell it myself when I hadn't bought it myself, hadn't paid a dime on it"; that, if Deuberry, on the day after he had given possession of the truck to Butler, had wanted the truck back, Butler would have had to give it back to Deuberry; and that Deuberry had the right to repossess the car at any time. Deuberry testified that he told Butler he would sell the truck to him for two hundred dollars; that he had "actually in mind" that if Butler ever paid him one hundred and fifty dollars, he would let him have the truck; that he "didn't feel I could transfer" the title, "until I had received some substantial amount on it." Deuberry also testified that he did not expect to see the truck again after he had transferred possession to Butler, unless Butler failed to pay before the time when his state license and automobile insurance expired, "for the simple reason that the license on it were running out, my insurance was running out, * * *. I wanted him to be able to drive it to [my place] with this license it had on it." When the truck was damaged in the accident, Deuberry sold it to the owner of a service station where it was then located transferring the title at the same time, without consulting Butler. Deuberry further testified: "At the time of the accident I worried for half a day thinking I didn't have insurance on that truck and think-ing it might come back to me and be my responsibility, that there might be a responsibility there. And at the end of that half day I checked my papers and found my insurance still holding good for four days."

Butler was a poor man; his family was "going hungry"; he had no money; he had previously been a good worker for Deuberry; Deuberry was glad to help him; and Butler thought that he could make some money, and pay for the truck "when work opened up."

▮ Appellant relies upon the claim that a sale of the truck was made at the time when Deuberry gave possession of it to Butler. The trial court found that there was no sale at the time of the transfer of possession; that it was the understanding of both Deuberry and Butler that Deuberry had the right to repossess the truck at any time; and that, at the time of transfer of possession of the truck, Deuberry "deliberately retained the ownership and the title certificate thereon," until a future date, when he would have received a substantial sum in payment of the purchase price. Under the law of Tennessee, registration of an automobile in the name of any person is prima facie evidence of the ownership of the automobile by the person in whose name it is registered. Tennessee Code Annotated, Section 59–1038.

Under the facts as heretofore set forth, the evidence sustained the findings of fact of the district court, and its conclusion of law that Butler was using the vehicle at the time of the accident with the express permission of Deuberry and that Butler, therefore, was an additional insured under the terms of Deuberry's policy; and that the insurance company was, accordingly, liable for the damages resulting from Butler's driving the truck.

In view of our conclusions, we find it unnecessary to discuss the question whether Section 59–319 provides the exclusive method of transfer of title to a motor vehicle, and that transfers not made in compliance therewith are void. On this point, see Manufacturers Ac-

**182**

ceptance Corporation v. Roy Vaughn, et al., 43 Tenn.App. 9, 305 S.W.2d 513. (Petition for Certiorari denied by Supreme Court of Tennessee, February 8, 1957.)

In accordance with the foregoing, the judgment of the district court is affirmed.