CHARLES SEALS *v.* THE STATE.

(*Knoxville.*  September Term, 1928.)

Opinion filed December 8, 1928.

**1. CRIMINAL LAW.**

Evidence stated and **held** to justify finding that defendant was in possession of intoxicating liquor.  (Post, p. 539.)

**2. CRIMINAL LAW. EVIDENCE.**

Statements of defendant showing ownership of premises **held** competent as substantive evidence rather than merely impeaching. (Post, p. 540.)

**3. CRIMINAL LAW. SEARCH AND SEIZURE.**

Search warrant is criminal process and as such may lawfully be issued on Sunday.  (Post, p. 541.)

Shannon's Code cited: Sections 4529-4533, 5940, 6991, 6993-6994, 7310.

Cases cited and approved: Moss v. The State, 131 Tenn., 94, 100; Hampton v. The State, 148 Tenn., 155; Craven v. The State, 148 Tenn., 517; State v. Bass, 153 Tenn. 162.

Text cited: 24 R. C. L., pp. 701-702.

**4. CRIMINAL LAW. SEARCH AND SEIZURE.**

Search warrant to search particularly described premises is not invalidated by failure to state name of owner, although search warrant for his person would be invalid in the absence of such name.  (Post, p. 543.)

Code cited: Shannon's Code, secs. 7297, 7301.

5. **CRIMINAL LAW. SEARCH AND SEIZURE. DESCRIPTION.**
Rule of **idem sonans** applicable to search warrant. (Post, p. 544.)
Cases cited and approved: Goodwin v. The State, 148 Tenn., 682.

6. **CRIMINAL LAW. SEARCH AND SEIZURE.**
Search of outhouse located within three feet of main building and
   designated with same street number, authorized by search war-
   rant for main building. (Post, p. 545.)
Citing and distinguishing: State v. Bass, 153 Tenn., 162.

## FROM HAMILTON.

Appeal from the Criminal Court of Hamilton County.
—HON. CHAS. W. LUSK, Judge.

T. O. JEWELL, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the
Court.

This is an appeal by Charles Seals from a judgment
rendered upon a conviction for possessing intoxicating
liquor.

(1) The prosecution followed a discovery by peace
officers of a barrel containing about thirty gallons of
whisky in a coal house which was a part of premises
fronting upon an alley in the rear of business property
fronting on Cowart Street, in the City of Chattanooga.

The proof offered by the State justified the inference
and finding of the jury that the premises fronting upon

the alley, consisting of a frame building and the coal house, had been rented by the plaintiff in error for use in connection with a restaurant which he operated in one of the business houses fronting on Cowart Street, in the same block. The frame building on the alley was equipped with a piano, and the evidence tends to show that it was operated as a place for dancing and entertainment in connection with the restaurant.

The defendant denied that he had rented the building on the alley, and the owner testified that he had rented it to a man named Miller. The proof shows, however, that Miller had originally rented both the restaurant building and the building on the alley; that he had sold the restaurant business to the plaintiff in error, and had left Chattanooga three or four months before the date of the finding of the whisky, and the owner of the alley building had continued to collect his rent at the restaurant after Miller's departure. The two officers testified that before the search was made plaintiff in error had told them that he had rented the alley building, and requested them to forget that the building was there.

We think the clear preponderance of the evidence is that the plaintiff in error operated the alley building in connection with his restaurant, and the finding of the whisky on such premises justified the inference that it was in the possession of the plaintiff in error; his denial of any connection with the premises having been found to be false.

(2) An assignment of error is directed at the ruling of the trial judge permitting one of the officers to testify in rebuttal that plaintiff in error had told him that he had rented the place in order to give entertainments there, etc. It is contended that, as a condition prece-

dent to the admission of this testimony, the plaintiff in error must first have been asked about it, with the time and place specified in the question.

The objection was properly overruled by the trial judge, since the testimony of the officer was not offered merely for the purpose of impeaching the plaintiff in error as a witness, but constituted substantive evidence of the guilt of the plaintiff in error, as an admission of possession and control of the premises on which the whisky was found.

Plaintiff in error complains that the trial judge was in error in overruling a number of objections to the testimony of the officers as to the finding of the whisky, based upon alleged fatal defects in the search warrant, pursuant to which the officers were acting.

(3) It is first contended that the search warrant was void because procured on Sunday.

The issuance of a search warrant by a justice of the peace is a judicial act. *Hampton* v. *State,* 148 Tenn., 155; *Craven* v. *State,* 148 Tenn., 517.

In *Moss* v. *State,* 131 Tenn., 94, 100, this court said:

"In the absence of a statute authorizing it, there can be no doubt that it is unlawful for a court to do any judicial act on Sunday."

Statutes reviewed in *Moss* v. *State, supra,* provide for abatement of process issued on Sunday, but sections 4529-4533 of Shannon's Code (all editions) expressly provide for the issuance of "civil process" on Sunday, upon the execution of an affidavit showing the necessity therefor. No such express provision is made for the issuance of process in criminal cases.

Section 6991 of Shannon's Code, authorizes the issuance of process "in any criminal prosecution in behalf of the State" at any time.

Section 6993 authorizes arrests by officers for public offenses "on any day and at any time."

Section 6994 authorizes arrests by private persons of persons charged with a felony "on any day and at any time."

Section 5940 of Shannon's Code authorizes a justice of the peace to try any cause that may be brought before him at any time and at any place within the county, unless expressly prohibited by some positive provision of the Code.

After referring to the provisions of these Code sections, this court, in *Moss* v. *State, supra,* said:

"This language is perhaps sufficiently broad to enable a justice of the peace to try a case on Sunday, at least a criminal case; but we are not sure of this. As the question does not arise in the present case, we do not determine it. . . . It may be that the preservation of the public peace would sometimes require justices of the peace to try and commit persons brought before them on Sunday; but, as stated, as to all other judicial officers the common law remains practically unchanged by our Code and statutes."

The fact that the statutes make express provision for the issuance of civil process on Sunday, upon a showing of necessity, and make no such provision for the issuance of criminal process on Sunday, is convincing that the broad language of section 6991 of Shannon's Code, authorizing the issuance of process in criminal cases "at any time," was intended by the Legislature to authorize the issuance of such process on Sunday, as well as on

other days of the week; and if a judicial act is necessary as a prerequisite to the issuance of such process, we think the language of the statute is sufficiently broad to authorize the performance of such judicial act on Sunday, whether by a justice of the peace or other judicial officer.

Section 7310 of Shannon's Code provides that a justice of the peace shall return the search warrant and the return of the officer thereon "to the court having power to inquire into the offense in respect to which the search warrant was issued."

In *State* v. *Bass*, 153 Tenn., 162, this court said that a search warrant "is apparently the initial step to a criminal proceeding," and that "it is a part of the criminal proceeding."

We have no hesitancy, therefore, in holding that a search warrant is a warrant issued in a "criminal prosecution in behalf of the State," as that phrase is used in section 6991 of Shannon's Code.

See also the statement of the nature and purpose of a search warrant in Ruling Case Law, pp. 701-702.

*(4)* It appears from the record that the search warrant contained an accurate description of the premises to be searched, but described the offender as "John Doe, *alias*," notwithstanding the officer who procured the warrant knew the name of the plaintiff in error and was seeking to discover evidence of his guilt. The failure of the officer to cause the warrant to be issued against the plaintiff in error by name is urged as a fatal defect.

We think this objection to the warrant would be good if the person of the plaintiff in error had been subjected to search under the warrant, since it is provided in sec-

tion 7297 of Shannon's Code that "no search warrant can be issued but upon probable cause, supported by affidavit naming or describing the person, and particularly describing the property and the place to be searched."

Under this provision of the statute a personal search would not be authorized except under a warrant issued upon an affidavit "naming or describing the person" to be searched.

However, in section 7301 of Shannon's Code, prescribing the form in which a search warrant may be issued, it is provided that the descriptive part of the warrant may read as follows: "You are therefore hereby commanded to make immediate search on the person of C D (or 'in the house of E F,' or 'in the house situated,' describing it, or any other place to be searched, with reasonable particularity, as the case may be)."

The alternative forms authorized by the quoted language clearly permit the issuance of a warrant for the search of described premises without giving the name of the owner.

Since, in the case at bar, there was no search of the person of the plaintiff in error, but only a search of premises occupied by him, the search could not be declared unlawful or in violation of the constitutional rights of the owner, either because of the absence of his name in the warrant or because of an affirmative error in stating his name.

(5) The warrant described the premises to be searched as "2706 Coward" Street. The premises searched were located at "2706 Cowart" Street. The proof showed that there was no street in Chattanooga named "Coward." The affidavit attached to the warrant gave the correct name of the street. The trial judge

overruled an objection to the search warrant because of this inaccuracy in the spelling of the name of the street, holding that the two names were *idem sonans*. This ruling of the trial judge was clearly correct. *Goodwin* v. *State,* 148 Tenn., 682.

(6) It is further objected that the search warrant, authorizing a search of a "frame building," located at the premises known as 2706 Cowart Street, did not authorize the search of the coal house, which the proof shows was located within three feet of the main building, and which was also marked with the number "2706."

It is our opinion that a search warrant directing that a search be made of a principal building, identified by street number, authorizes the search of an outhouse so clearly appurtenant to and a part of the same premises as the coal house here involved.

The character of the outhouse and the proof of its location distinguishes this case on its facts from the facts involved in *State* v. *Bass,* 153 Tenn., 162.

Other objections to the sufficiency of the search warrant were made by the plaintiff in error, but are not of sufficient merit to warrant further reference thereto.

We find no error on the record, and the judgment of the trial court will be affirmed.