LAWSON *v.* STATE.

(*Knoxville,* September Term, 1940.)

Opinion filed October 19, 1940.

W. E. Benson, of Cleveland, for plaintiff in error.

Ernest F. Smith, Assistant Attorney-General, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

Beecher Lawson, referred to herein as the defendant, has appealed to this court from a conviction for possessing whisky, his punishment being fixed at a fine of $500 and a jail sentence of sixty days.

Defendant operates the Blue Circle Inn in Bradley County. On November 18, 1939, a deputy sheriff of said county procured a warrant to search said place, the specific direction contained therein being as follows: "you are hereby commanded in the name of the State to make immediate search for intoxicating liquors by day or night of the person of said defendant and of the house or building on the premises located in 2nd Civil District of Bradley County, Tennessee and described as follows: A one story framed building with basement and bounded as follows: North by Creek, East by Creek, South by Haven, an West by Lee Highway."

This latter description evidently referred to the premises because the building sets back from the highway proper on a circle constructed for parking automobiles by patrons of the Inn. It is likely that this Inn gets its name from the fact of fronting on a circle, which

is a very common custom in erecting buildings of this character. One of the officers testified that the automobile of defendant was parked in front of the Inn on the premises described in the warrant. The other officer testified that the defendant's automobile was parked in front of the building on a private driveway and not on the public road. On cross-examination he admits that he did not know where the dividing line between the highway and defendant's premises was located; but in view of what we have stated, and in the absence of any evidence to the contrary, we think the court and jury were justified in finding that this automobile was parked on the premises of defendant and adjacent to this building.

The officers discovered no liquor in the Inn but found two and one-half cases of stamped whisky, in pint and half-pint bottles, in defendant's automobile. The testimony of the officers was excepted to on the ground that the search was illegal because the warrant did not authorize or direct the officer to search the automobile of defendant.

In the opinion in *Smith* v. *State*, 155 Tenn., 40, 290 S. W., 4, the court emphasized the fact that it was only unreasonable searches that the constitution prohibited.

With respect to this constitutional prohibition this court, in *Welch* v. *State*, 154 Tenn., 60, 64, 289 S. W., 510, 511, said:

"It is obvious that it was intended to protect possessions in actual occupancy from unreasonable searches and seizures whether real or personal, meaning thereby, as pointed out by Justice COOLEY, that, when one desires to search the occupied premises of another, he must do so in a lawful manner, viz., procure a search warrant in the manner prescribed by statute."

In *Zimmerman* v. *State*, 173 Tenn., 673, 122 S. W. (2d), 436, 437, officers, with a warrant, searched a place known as "Dutch Inn" and found two quarts and a pint of liquor. Seeing Zimmerman's automobile parked on the premises near the Inn, they obtained another warrant and searched the automobile where they found a large quantity of liquor. Zimmerman was indicted in two cases for possessing liquor. In holding that the evidence established only one offense, this court said:

"We are unable to agree that because defendant had some of his liquor stored in his icebox and some stored in this automobile, on the same premises, at the same time, that he was guilty of two distinct offenses of unlawful possession."

In the instant case, had the officers found intoxicating liquors in the Inn and in the automobile, there would have been but one offense. It is true that in the Zimmerman Case the officers took the precaution of securing an additional warrant to search the automobile, and in that respect that case differs from the one we are considering; but the liquor was on the premises sought to be searched, although not at the exact place on the premises where it was alleged in the warrant to be. As stated in *Welch* v. *State*, *supra*, the prohibition of the constitution is against search of the occupied premises of another without a warrant. While the warrant in this case specifically designated the building on the premises to be searched, we are of opinion that the search of the automobile parked near the building, but on the same premises, cannot be said to be an unreasonable search. We are unable to distinguish this case in principle from that of *Seals* v. *State*, 157 Tenn., 538, 545, 11 S. W. (2d), 879, 881, from which we quote the following:

"It is further objected that the search warrant, au-

thorizing a search of a 'frame building,' located at the premises known as 2706 Cowart Street, did not authorize the search of the coal house, which the proof shows was located within three feet of the main building, and which was also marked with the number '2706.'

"It is our opinion that a search warrant directing that a search be made of a principal building, identified by street number, authorizes the search of an outhouse so clearly appurtenant to and a part of the same premises as the coal house here involved."

Both the coal house in that case and the automobile in the present case were appurtenant to the principal building, and were on the same premises and in possession of the respective defendants. The only difference in the two cases being that one was stationary while the other was movable, and this, in our opinion, does not affect the applicable rule of law.

 We are further of opinion that the premises to be searched is adequately described in the warrant.

The plaintiff in error is clearly guilty, and the judgment of the trial court will be affirmed for the reasons stated herein.