DOLEN *v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

T. R. BANDY, of Kingsport, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Dolen's appeal from a conviction of unlawfully possessing whiskey is mainly predicated upon his insistence that the evidence as to the whiskey found by the officers in his automobile was incompetent because the search warrant under which the evidence was obtained did not authorize a search of that automobile. The affidavit showing probable cause for the issuance of the warrant describes the place where the alleged offense is being committed as follows: "The following described premises, viz: On the left hand side of the road leading from Edgewood Service Station on Highway No. 81 to Lily Manor Road being a 1 story white house being the only weather boarded house on said left hand side of said street or road located in 11th Civil District, Sullivan County, Tennessee, near Kingsport."

The search warrant issued upon the basis of this affidavit directed the officer to search the premises "described in the affidavit attached hereto" and there is likewise inserted in this warrant a direction to search "all outbuildings or vehicles on the premises".

Although the affidavit did not state that whiskey was being possessed in vehicles on the premises described, nevertheless, the command of the warrant that the premises described be searched did, as a matter of law, authorize a search of vehicles on those premises. *Lawson* v. *State*, 176 Tenn. 457, 143 S. W. (2d) 716. The General Sessions Judge did not, therefore, exceed his authority in expressly inserting a direction to search the vehicles on the premises, notwithstanding the fact that vehicles were not mentioned in the affidavit.

The premises described in the warrant were enclosed by a fence. On the outside of this fence there is a road which commences at the public highway and runs to the described premises and beyond at least to a point where it was "blocked off with a fence". It is not clear, from this record whether this was a public or a private road; or if a private road, whether the right to its use was exclusive to those occupying the premises described in the warrant. Perhaps the preponderance of the evidence is that it is a private road but not exclusive in use to those occupying these premises. We state this finding of fact in order to make clear the extent of one hereinafter announced holding. An automobile was parked in this road directly in front of the house and "right against the fence".

The property described in the search warrant was owned by the mother of plaintiff in error. He and his mother and a brother resided there.

When the officers arrived they met plaintiff in error outside of the house and there informed him that they had a warrant to search for whiskey on these premises. Dolen then told the officers that the premises belonged to his mother and that the warrant must be read to her;

and that he would go in the house and get her. As he went in he closed the door, and in the course of a little while returned with his mother. The warrant was read and the officers were admitted to the house where they found two or three empty jars "turned down on the floor" and containing altogether about five tablespoons of whiskey. They also discovered that whiskey had just been spilled "all over the floor". No other whiskey or evidence thereof was found in the house.

The officers then went to the automobile of plaintiff in error located as hereinabove described on the road mentioned and made a search of that car with the result that eighteen gallons of white corn whiskey was found in its trunk. Evidence of the whiskey found in the car was permitted to go to the jury over the objection of counsel for the plaintiff in error, the objection being on the ground that the automobile in which this whiskey was found "was off of the premises" which the warrant authorized the officers to search. The same insistence upon appropriate assignments of error is made here.

In compliance with the constitutional prohibition of unreasonable searches and seizures, code section 11899 prohibits the issuance of search warrants except on probable cause and requires the warrant to "particularly" describe "the place to be searched." With this code section before it, this Court held in *Seals* v. *State*, 157 Tenn. 538, 11 S. W. (2d) 879, that a search warrant directing the search of a certain principal building authorized the search of a coal house on the premises where the principal building was located. On the authority of that case, it was held in *Lawson* v. *State, supra*, that the direction to search a frame building at described premises authorized the search of an automobile parked within

the boundaries of those premises and owned by the person mentioned in the warrant.

The present case differs from the two cases to which we have just referred in that in those two cases the coal house and the automobile were within the boundaries of the premises described in the warrant. In the present case the automobile is outside those boundaries in front of and on an adjoining road which leads from the public highway. We find no decision as to whether a search made under these conditions is valid. Therefore, we must look to the language of code section 11899 in order to determine whether the search of this automobile was authorized by this search warrant. It presents a very close question.

 It is expressly required by code section 11899 that the search warrant "particularly" describe "the place to be searched." The word "particularly" must be deemed to have been intentionally used by the legislature. The use of that word makes it clear that the legislature intended the search warrant to be clear of ambiguity as to the place to be searched, and that this word was used in response to the constitutional prohibition against an unreasonable search. Therefore, in keeping with this clearly manifest intent of the Legislature, we are forced to the conclusion that a warrant directing the search of a certain described parcel of real estate does not authorize the search of an automobile parked in front of that real estate, but outside its boundaries, on an adjoining road. We are of the opinion that the rule stated on this subject in *Seals* v. *State, supra,* and *Lawson* v. *State, supra,* represents the limit to which the Courts may go without violating the clear mandate of code section 11899 requiring that the warrant describe "par-

ticularly . . . the property, and the place to be searched.'' We, accordingly, hold that the trial court erred in permitting the jury to consider evidence as to the whiskey which was found in the automobile parked on the road directly in front of and adjoining the property which the warrant directed the officers to search.

The only whiskey found as a result of the search of the premises described by the warrant is that contained in the upturned jars (about five tablespoons) and an undetermined amount spilled on the floor of the residence by some one therein while the officers were awaiting outside to be admitted. The punishment given plaintiff in error is a fine of $500 and a jail sentence of six months, the limit for the illegal possession of intoxicating liquor. It seems clear, therefore, that the jury, whose exclusive province it is to fix the amount of the fine, was influenced, at least in fixing the amount of the fine, by the inadmissible evidence of eighteen gallons of whiskey in the automobile, and that the trial judge was thereby influenced in fixing the amount of the jail sentence, so, the admission of this incompetent evidence was prejudicial error and the case will have to be remanded, since it is the exclusive province of the jury to determine the amount of the fine between authorized limits.

Since there may be an election to again try this case, we express no opinion now as to whether the whiskey found in the home owned by the mother and occupied by her and her two sons and the conduct of the plaintiff in error at the time is sufficient to justify a conviction of plaintiff in error.

Reversed and remanded.

All concur.