BILL REECE *v.* STATE OF TENNESSEE.

*(Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

Rehearing denied December 16, 1954.

384

THOMAS E. MITCHELL, of Johnson City, H. DENNIS ERWIN, of Erwin, for plaintiff.

NAT TIPTON, Assistant Attorney General, for the State.

Mʀ. Jᴜsᴛɪᴄᴇ Sᴡᴇᴘsᴛᴏɴ delivered the opinion of the Court.

Defendant was convicted of the unlawful possession of intoxicating liquor with the punishment fixed at a fine of $100 and 60 days in jail from which he has appealed.

The two questions on appeal are, first, whether the search of the jeep automobile in which 119 bottles of whisky were found was lawful, and second, whether or not the defendant has been proved to be the owner of same.

Officers armed with a search warrant for the search of a seven or eight room black building located along the highway out in the country which warrant expressly included all of the buildings, outhouses and vehicles found thereon, entered the premises, and as one of the officers started reading the warrant to the defendant a jeep automobile was driven rapidly from the garage of the premises by some man who was never identified. After the officers had made a quick search of the premises which consumed a very few minutes, the officer in charge directed to the others to find the jeep if they could. By following the tracks of the jeep they located the same along an abandoned road about one-half mile from the premises described in the warrant. There was no one near the jeep and the same was stuck in the mud. They did not see any intoxicants at first but they smelled the odor of whisky and observed the liquid dripping to the ground. They then searched the vehicle and found 119 pints under

the seat and in a trap. The defendant was not placed under arrest but was left alone on the premises searched. The officer testified that the jeep bore the number 10087 on the back of it. The deputy in the office of the County Court Clerk of Washington County filed a copy of an automobile registration certificate dated May 19, 1953, showing a 1953 Willys Jeep to be registered in the name of Bill Reece and the 1953 license tag bore the number of 6—C—10087. This witness said that she did not know who owned the particular vehicle on July 19, 1953, the date on which the search was made under the warrant, and that the records in the County Court Clerk's office did not show the owner as of this latter date.

Defendant's counsel concedes that if this vehicle had been stationed on the premises at the time of the search then under the authority of *Lawson* v. *State*, 176 Tenn. 457, 143 S. W. (2d) 716, the officers were warranted in searching the jeep. Counsel claims, however, that since the jeep departed before the search began and was finally searched a considerable distance from the premises the officers did not have the legal right to search the vehicle, relying for their authority upon the case of *Dolen* v. *State*, 187 Tenn. 663, 216 S. W. (2d) 351.

The officers testified that the jeep along with three or four other automobiles, was on the premises when the officer began reading the search warrant to defendant but that the jeep was driven away before he finished reading the warrant.

With due appreciation of the zeal and ingenuity of counsel we think this is an untenable theory. Adoption of such a theory would make it not only possible but practical for one engaged in the illicit handling of liquor to keep his entire stock of merchandise in covered trucks on the premises and poised for flight and enable all hands

to weigh anchor and set sail in all directions before the reading of the warrant could be finished and thereby forestall a search of all of the vehicles.

We think the nexus between the departure of this vehicle from the premises under the stated circumstances and the tracking and locating the same in the mire off an abandoned road fully satisfies the requirements of law.

Moreover, the detection of the smell of liquor when the officers came to the jeep and the dripping of the liquid from the car was a sufficient justification under our cases for the search of the vehicle without a warrant as being a public offense committed in their presence.

With reference to the second question,—Code Section 2702 provides that the registration of any vehicle in the name of any person constitutes prima facie evidence of ownership of such vehicle by the party to whom it is registered, and also prima facie evidence that it was being used on the business of the registrant. The defendant did not take the stand to rebut this presumption.

The assignments of error are overruled and the judgment of the lower Court is affirmed.

## On Petition to Rehear.

Counsel for the plaintiff in error has diligently filed a petition to rehear in which exception is taken to our reference in the original opinion to Code Sec. 2702, insisting that with respect to proof of ownership in this case the caption to the original Act, Pub. Acts 1921, c. 162 on which this Code Section is based limits the application of same to actions for personal injury and property damage and being in derogation of the common law, is limited in its application to civil actions for personal

injuries and property damage, and is not applicable to connect the defendant in a criminal case as here applied.

■■■■ Counsel is correct with reference to the caption and purpose of the Act but in our opinion, it is nevertheless true that it is consonant with the ordinary rules of evidence and methods of proof to hold that a prima facie case of ownership appears when it has been shown that the vehicle is registered in the name of the accused. In the interests of brevity we did not in the original opinion develop the point.

In civil cases, in the application of this statute it has been held that the presumption created by this statute is not a true presumption but is one created for procedural purposes to supply the place of proof and that when credible evidence of unimpeached and uncontradicted witnesses is adduced, the so-called presumption disappears; but in the absence of such proof the presumption remains in the case, so that a jury may either accept or reject the evidence offered by the opposite party, and if it rejects the same, the jury may then fall back upon the presumption.

■■■ However, whether it be a civil or a criminal case, a person does not in the ordinary course of events in complying with this law or one to be mentioned later herein, register a motor vehicle in his name unless he is the owner of same and entitled to do so. Independent of the statute, therefore, proof of such act is evidence from which it can reasonably be found that the person in whose name' the motor vehicle was registered was the owner thereof on the date of the registration.

■■■ That is a conclusion based upon facts in evidence and not a mere presumption, so that, although the alleged crime was committed a few months after the date of registration of the vehicle, a presumption may be indulged

that the accused continued to be the owner, in the absence of any countervailing proof. Such is not to base an inference upon an inference. The distinction is well made in *Western & Atlantic R. R.* v. *Land,* 187 Tenn. 533, 541-542, 216 S. W. (2d) 27.

There is also another statute which more strongly compels the conclusions above stated. That is Chapter 70, Acts of 1951, known as the Automobile Title and Registration Act, codified in Williams' Code as Section 5538.101 et seq. This Act took the place of the 1949 similar Act. Under the present Act also, Section 5538.127 et seq., it is required that every motor vehicle, with certain specified exceptions not here relevant, must be registered before being driven on the highways, and before the same may be registered, a certificate of title must be shown or applied for; before a transfer of interest the registration plate must be removed from the motor vehicle by the owner and there must be a transfer of the title papers. Section 5538.111, Subsection (b) provides that the word "owner" shall mean "a person who holds the legal title of a vehicle, * * *." The Act makes it a misdemeanor to violate its provisions except where otherwise the violation is made a felony.

That is a general statute designed among other things, but particularly to prevent the theft of motor vehicles, to prevent fraud and to facilitate the transfer of title to same.

Since the Act provides by express terms that the owner is the one who holds the legal title and only the one having a certificate of title may register the motor vehicle, proof of registration is practically conclusive of ownership except in some cases of fraud or under some equitable considerations. The writer had occasion while a member of the Court of Appeals, to go into this question and re-

search developed that with the exception of about three cases involving equitable considerations, the Courts in every state having a similar statute holds that the certificate of title is conclusive evidence of ownership, and since only the one having title or applying for title may register the vehicle, the registration in the name of that person is practically conclusive evidence of ownership.

With deference to counsel we accordingly overrule the petition to rehear.