STATE OF TENNESSEE, Plaintiff in Error,

*v.*

THOMAS LEROY SIRCY, Defendant in Error.

383 S.W.2d 37.

(*Nashville,* December Term, 1963).

Opinion filed October 9, 1964.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for plaintiff in error.

(1)

2

WILLIAM C. WILSON, Nashville for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The State has appealed from a judgment of the Trial Court sustaining a motion of the defendant in error to suppress certain evidence which was essential to the State's case. The defendant in error, Sircy, was under indictment for the offense of possession of burglarious instruments, in violation of T.C.A. sec. 39-908. The evidence suppressed consists of seven "lock picks", which are pieces of steel wire bent at right angles about one-quarter inch from one end and bent at the other end and wrapped with adhesive tape to form a handle. The record shows these "lock picks" are used primarily to open coin boxes on pay telephones.

Prior to the evening of May 27, 1963 the premises known as 1300 Belshire Drive in Nashville had been under surveillance by officers of the Federal Bureau of Narcotics and by state and local law enforcement officers. On that

date a detective in the Metropolitan Police Department of Nashville made oath that "Sam Reed Scruggs, Jr., and Mildred Phillips are in unlawful possession of an unknown quantity of narcotics, unlawfully and illegally, said items having been stolen from Greenland Pharmacy, 4130 Gallatin Road, Nashville, Davidson County, Tennessee, which items being owned by William Hayden Soyers, said contraband narcotic drugs having been stolen on the night of May 8, 1963, which items may be found in the possession of the said Sam Reed Scruggs, Jr., and/or Mildred Phillips, in this county, and on the premises occupied and used by Sam Reed Scruggs, Jr., and Mildred Phillips and described as follows:".

The affidavit then describes the premises occupied by Sam Reed Scruggs, Jr., and/or Mildred Phillips at 1300 Belshire Drive and states that the affiant has been informed by a reliable citizen of Davidson County, Tennessee, whose name he has given to the Judge before whom affiant is appearing, and prays for the issuance of a search warrant for the described premises, outbuildings and automobile on the premises.

At 5:05 o'clock P.M., on the 27th day of May, 1963, a General Sessions Judge of Davidson County issued a search warrant which commanded the Sheriff, or any constable or peace officer of Davidson County, "to make immediate search of the above described premises, and each part thereof above mentioned including any out-house, or vehicle found upon or in said premises for said contraband narcotic drugs which is also stolen merchandise".

The "lock picks" were found wrapped in Kleenex in the glove compartment of the automobile of defendant in error while parked in the driveway at 1300 Belshire Drive later that evening. In its brief the State concedes

4

that the search of the automobile and the seizure of the "lock picks" must be justified by this search warrant or held to be invalid.

Shortly after the issuance of this warrant, undercover narcotics agents purchased narcotics from Sam Reed Scruggs, Jr., and one Eddie Lonis at a drive-in restaurant in Nashville. Immediately following this sale of narcotics, Scruggs and Lonis were arrested and taken to the Nashville Metropolitan Police Department. Thereafter, a number of officers proceeded to 1300 Belshire Drive to execute the search warrant. They found approximately $100,000.00 worth of narcotics in the house and a large quantity of stolen merchandise.

The defendant Sircy was not in any way connected with the narcotics or the stolen merchandise found in the premises. The record shows that he arrived at 1300 Belshire Drive at about 8:00 o'clock that evening after the warrant had been issued at 5:05 o'clock P.M. Instead of parking in front of the premises, Sircy drove the car in the driveway and parked in the drive. The officer who obtained the search warrant knew what kind of automobiles were used by Lonis and Scruggs and could have furnished the Judge who issued the warrant with a description of those automobiles. The officer who made the affidavit for the search warrant testified he did not contemplate the search of the automobile of the defendant in error at the time he made the affidavit and the warrant was issued.

Under the authority of *Worden v. State,* 197 Tenn. 340, 273 S.W.2d 139, the Trial Judge held the search of the automobile of defendant in error was invalid and sustained the motion to suppress the testimony.

The Searches and Seizures Section of the Tennessee Constitution, Article 1, Section 7, provides:

"[t]hat the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not be granted."

The statutes regulating the issuance and service of search warrants pursuant to this constitutional provision are contained in T.C.A. secs. 40-501 to 40-517. These statutes have been construed by this Court in a great many decisions.

In *Seals v. State,* 157 Tenn. 538, 11 S.W.2d 879, it was held that a search warrant directing the search of a principal building authorized the search of a coal house on the premises where the principal building was located. Also, in *Lawson v. State,* 176 Tenn. 457, 143 S.W.2d 716, the search of an automobile *belonging to the defendant who was named in the warrant,* which automobile was parked on the premises described in the warrant, was held valid.

This Court, in *Dolen v. State,* 187 Tenn. 663, 216 S.W.2d 351, held that a warrant directing the search of certain described premises did not authorize the search of an automobile parked in front of the premises but outside its boundaries on an adjoining road. In so holding, the Court stated:

"We are of the opinion that the rule stated on this subject in *Seals v. State,* supra, and *Lawson v. State,*

supra, represents the limit to which the Courts may go without violating the clear mandate of code section 11899 (now T.C.A. sec. 40-503) requiring that the warrant to describe 'particularly * * the property, and the place to be searched.' " 667 and 668 of 187 Tenn., 353 of 216 S.W.2d.

*Worden v. State*, 197 Tenn. 340, 273 S.W.2d 139, held invalid a search and seizure under a warrant which described premises, a part of which were "occupied by strangers to the process." The Court there stated:

"But the fatal defect in the warrant is that, as in *State v. Bass* (153 Tenn. 162, 281 S.W. 936), it enabled the officers to search rooms in a hotel that were occupied by persons who were 'strangers to the process'. Moreover the name of the defendant Worden does not appear in the oath or in the warrant as being in possession of any room or any part of the premises to be searched." 343 of 197 Tenn., 141 of 273 S.W.2d.

See also *Johnson v. State*, 208 Tenn. 620, 348 S.W.2d 295.

In the case now before the Court, the defendant Sircy is a "stranger to the process". The record shows that the officer making the affidavit on which the search warrant is based had no probable cause to believe that Sircy was in any way connected with the stealing, possessing or selling of narcotics, or of the theft or possession of the stolen merchandise found by the officers at 1300 Belshire Drive. Neither the officer making the affidavit upon which the search warrant is based nor the other officers who participated in the execution of the warrant and testified in the Trial Court anticipated Sircy or his automobile would be present at 1300 Belshire Drive when the search warrant was executed. The officers conducting the search

were familiar with the description of the automobiles used by the parties mentioned in the search warrant.

In *Worden v. State,* supra, the Court stated what property and possessions may be legally searched under a search warrant, as follows:

"In other words the holding of the Court in these, and similar cases, presupposes that the building mentioned in the warrant to be searched would include outhouses, *vehicles upon the premises,* and other places, which are appurtenant to the described building and are *under the control of persons named in the warrant."* (Emphasis supplied.) 344 of 197 Tenn., 141 of 273 S.W.2d.

The search warrant and the affidavit upon which it is based described the property to be searched as "being property occupied by Sam Reed Scruggs, Jr., and Mildred Phillips known as 1300 Belshire Drive, Nashville".

There is no contention that the automobile of the defendant in error was ever at any time under the control of persons named in the warrant, nor is there any showing that the officer making the affidavit upon which the warrant is based had probable cause to believe the persons named in the warrant had any control over this automobile.

The same principle stated by this Court in *Worden v. State,* supra, was applied by the Oklahoma Court in *O'Niel v. State,* 65 Okl.Cr. 398, 88 P.2d 380, in which it was held that a warrant to search a public garage did not authorize the search of automobiles belonging to strangers to the process which were parked in the garage.

The State, as authority for the legality of the search and seizure in this case relies upon *Reece v. State,* 197

Tenn. 383, 273 S.W.2d 475. In that case, the vehicle of the defendant who was named in the search warrant was rapidly driven from the garage of the premises while the officer was reading the warrant to the defendant. It was later found stuck in the mud about one-half mile from the premises described in the warrant. The officers followed the tire tracks of the vehicle from the premises to the point where it was found. When they arrived at the vehicle they smelled the odor of whiskey and observed the liquid dropping to the ground from the vehicle. In that case, the Court stated:

"Moreover, the detection of the smell of liquor when the officers came to the jeep and the dripping of the liquid from the car was a sufficient justification under our cases for the search of the vehicle without a warrant as being a public offense committed in their presence."

That case does not support the contentions of the State in the present case. It does not involve the search of the property or possessions of one who was a "stranger to the process".

As stated in *Ellis v. State,* 211 Tenn. 321, 330, 364 S.W.2d 925, 929, "There is no definite formula for the determination of the reasonableness or the unreasonableness of a search, but each case is bottomed on its own facts."

We agree with the Trial Judge that the facts of this case bring it within the rule stated in the Worden case and that the Trial Judge was correct in sustaining the motion to suppress the evidence seized as a result of the search of the automobile of the defendant in error.

The judgment of the Trial Court, therefore, is affirmed.