Orville A. WILLIAMS and County Bank and Trust Company, a Corporation, Co-Executors of the Estate of Ray Warden Williams, Deceased, and Agnes S. Williams, Plaintiffs,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION and Maryland Casualty Company, Defendants.

No. WC6410.

United States District Court
N. D. Mississippi, W. D.

Dec. 29, 1965.

William I. McLain, Memphis, Tenn., for plaintiff.

Nelson, Norvell, Wilson & Thomason, Memphis, Tenn., for United Services Automobile Ass'n.

John R. Gilliland, Memphis, Tenn., for Maryland Casualty Co.

CLAYTON, District Judge.

This is a suit to require defendant United Services Automobile Association and defendant Maryland Casualty Company to pay judgments heretofore obtained by plaintiffs in United States District Court for the Western District of Tennessee against Mattie Pearl Eskridge. The case was for trial in this court to a jury. At the conclusion of plaintiffs' evidence, the court overruled a motion for directed verdict as to both defendants and at the conclusion of all the evidence, the court again overruled motions for directed verdicts as to both defendants and sustained plaintiffs' motion for directed verdict against both defendants.

Before the court now on briefs of the parties are motions of both defendants for judgment in accordance with their motions for directed verdict or, alternatively, for a new trial.

Undisputed facts as they apply to both defendants either from admissions in the pleadings, admissions made in opening statements to the jury or from evidence introduced on the trial will be stated in substance.

United Services Automobile Association issued its policy of automobile liability insurance on October 10, 1961, in Memphis, Tennessee, to Mrs. Josephine G. Jacobs. It specifically covered a 1961 Dodge automobile belonging to Mrs. Jacobs. Maryland Casualty Company issued and delivered its automobile liability policy to Lonnie Eskridge in Memphis, Tennessee. It covered a specific automobile. Both of these policies were in full force and effect at the time with which we are concerned here.

Mattie Pearl Eskridge worked for Mrs. Jacobs and Mrs. Jacobs had permitted Mattie Pearl Eskridge to use her aforementioned automobile and to keep it at Mattie Pearl Eskridge's place of residence overnight and sometimes over the week-end. Mattie Pearl Eskridge was the wife of Lonnie Eskridge and thus was an additional insured in the Maryland Casualty Company policy aforementioned. Mrs. Jacobs, Lonnie Eskridge, and Mattie Pearl Eskridge all lived in Memphis, Tennessee, at the time relevant here.

All parties to this suit concede that if both policies afford coverage (as this court has held) United's coverage is primary and Maryland's is secondary. The United policy, inter alia, provided insurance with respect to the owned automobile for the named insured and any resident of the same household and also for "any other person using such automobile, provided the *actual use thereof is with the permission of the named insured*." (Emphasis added.)

With respect to a non-owned automobile, the Maryland policy affords coverage "provided the *actual use is with the permission of the owner*." (Emphasis added.)

The meanings of the two insuring provisions of these two policies, for our purposes in this case, are identical.

The essence of the facts which led to the judgments upon which this suit is predicated is that Mattie Pearl Eskridge drove the Jacobs automobile to the vicinity of Duck Hill, Mississippi, to attend a funeral and while she was on this trip, the automobile was involved in a collision in which death and personal injuries were suffered.

Plaintiffs filed suits against Mattie Pearl Eskridge and Mrs. Jacobs. On trial the United States District Court for the Western District of Tennessee sustained motions for directed verdicts as to Mrs. Jacobs upon the basis that Mattie Pearl Eskridge at the time of the collision was not the agent or servant of Mrs. Jacobs acting for Mrs. Jacobs in the furtherance of her business and within the scope of her employment. Executions were issued on the judgments in suit here against the sole judgment debtor, Mattie Pearl Eskridge, and were returned nulla bona, whereupon this suit was filed.

Plaintiffs' case on trial, from the standpoint of testimony, was presented by one witness only. This witness testified that she knew Mattie Pearl Eskridge, that Mattie Pearl Eskridge was employed by Mrs. Jacobs, that Mattie Pearl Eskridge had possession of the Jacobs automobile at her (Mattie Pearl Eskridge's) home overnight and over the week-end a number of times and used the automobile for her own personal uses. She also testified that she accompanied Mattie Pearl Eskridge on the funeral trip aforementioned.

In addition to the foregoing, the admissions of United Services Automobile Association, which are applicable to it alone, are that Mrs. Jacobs is eighty years old and gave up driving after an eye operation five years ago; that Mattie Pearl Eskridge had been working for Mrs. Jacobs for about two years and

drove Mrs. Jacobs' 1961 Dodge automobile on errands for her and for other purposes; that Mattie Pearl Eskridge was permitted to take the automobile home from time to time at night and on week-ends; that Mrs. Jacobs did not report to any police authority that her automobile had been stolen or was being used without her consent or permission; that Mattie Pearl Eskridge was not discharged but is still working for Mrs. Jacobs in the same capacity and has a set of keys to the automobile currently owned by Mrs. Jacobs and is supposed to keep that automobile with her; that the only time Mrs. Jacobs ever denied Mattie Pearl Eskridge permission to drive the 1961 Dodge automobile was when it was out of fix and needed work done on it and that she never told Mattie Pearl Eskridge not to go out of town with that automobile.

When the plaintiffs rested, defendants introduced into evidence exact copies of their insurance policies and also rested.

█ Much of the argument in the briefs is directed to the question of what law applies. Clearly the law of Tennessee where Mrs. Jacobs lives and where Lonnie Eskridge and his wife Mattie Pearl Eskridge live and where the two insurance policies were issued by defendants is the law which must be applied in this case, since this is a suit on the very contracts of insurance which were written, issued and delivered in Tennessee.

It also needs saying that other evidence was available both to plaintiffs and defendants by way of depositions previously taken or by way of witnesses in actual attendance at the trial. This being so, the parties stand on an equal footing in regard to their decisions not to offer any more evidence.

█ It needs saying also that we are in no way concerned with whether Mattie Pearl Eskridge was, at the time of the collision, acting as the agent of Mrs. Jacobs in the furtherance of Mrs. Jacobs' business and within the scope of her

authority. That question is in no way involved here. We are concerned only with whether plaintiffs have made a case of permissive use within the language heretofore quoted from the two policies of insurance. Defendants make much of the language of the insuring clauses with which we are concerned. The clause involved is, "provided the *actual use* of the automobile is with the permission . . . ." (Emphasis added.) In substance defendants contend that the words "actual use" must take with it the meaning that the use at the time of the accident must have been with the permission of the owner in one instance and the named insured in the other, but under the law of Tennessee there is no distinction between "actual use" and the word "use" or "use or operation." See, for example, Foley v. Tennessee Odin Insurance Co., 193 Tenn. 206, 245 S.W.2d 202 (1951).

Both defendants concede that Mrs. Jacobs was the registered owner of the automobile that Mattie Pearl Eskridge was driving on March 24, 1962, at the time when the collision occurred which gave rise to the judgments in suit here. As has been said, Mattie Pearl Eskridge was an employee of Mrs. Jacobs at that time and undoubtedly had used Mrs. Jacobs' automobile with the permission of Mrs. Jacobs a number of times before the aforementioned funeral trip. Additional evidence of permissive use is available against one of the defendants as aforesaid. But, the evidence which is available as against both defendants, considered alone, is, in this court's opinion, sufficient.

█ It is obviously an oversimplification of the case to say that with these facts plaintiffs made a prima facie case of permissive use of Mrs. Jacobs' automobile at the time and place in question and that, since defendants offered no evidence contrary to plaintiffs' prima facie case, there was no issue for decision by the jury and the action of the court in directing verdicts for plaintiffs was correct. It requires no statute for this court to reach that conclusion. To

hold otherwise would completely ignore the universally applied presumption of compliance with the law with which Mattie Pearl Eskridge was clothed at the time of the collision. This presumption has been recognized and applied by the courts of Tennessee. In Mason v. Burgess, 8 Tenn.Civ.App. 138, among other things, it was said:

> We have a statute in Tennessee making it an offense for anyone to use the automobile of another without the owner's consent: Acts 1911, chapter 28. No court is authorized to presume that a party whose conduct is in question is acting otherwise than lawfully. Hence, the duty of the court to presume that the chauffeur was put into the possession of the machine at the time by Mrs. Mason (owner).

And in the case of Auburn Nashville Co. v. Graham, 13 Tenn.App. 444, 448, the court, inter alia, stated as follows:

> It is a felony to take and drive an automobile of another without his consent (Acts of 1921, Ch. 17), but no one is presumed to have committed a felony. In the absence of proof there is no presumption of misconduct on the part of individuals or that they have been guilty of committing crime. . . . .

In 9B Blashfield Cyclopedia of Automobile Law and Practice § 6058, the foregoing principle is stated in this way:

> A presumption of consent may arise in the form of a presumption of compliance with the law, as where a statute makes temporary use of an automobile without the owner's consent a misdemeanor.

Lending strength to the conclusion heretofore reached are sections 59–1037 and 59–1038, Tennessee Code Annotated. They read as follows:

> 59–1037. Prima facie evidence of ownership of automobile in use in owner's business. In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which said injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment. This section is in the nature of remedial legislation, and it is the legislative intent that it be given a liberal construction.

> 59–1038. Registration prima facie evidence of ownership and that operation was for owner's benefit. Proof of the registration of said motor propelled vehicle in the name of any person, shall be prima facie evidence of ownership of said motor propelled vehicle by the person in whose name said vehicle is registered; and such proof of registration shall likewise be prima facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment.

Apparently these two statutes originated as sections 1 and 2 of Chapter 162 of the Public Acts of Tennessee of 1921. The original caption read as follows:

> An act to promote safety in the use and operation of automobiles and other motor-propelled vehicles by defining what shall be prima facie evidence of ownership of same, and use of same, in the owner's business *in actions for personal injuries and property damage.* (Emphasis added.)

It is to be noted also that section 59–1037 (which was section 1 of Chapter 162, supra) has this language in it:

That in *all actions for injury to persons and damage to property* caused by the negligent operation . . .. (Emphasis added.)

Defendants contend that the language *underlined* in the original caption and the language italicized appearing in section 59–1037 somehow limits the application of these statutes to suits of a kind or character different from the suit here. Their position seems to be that the statutes apply only in a suit against one claimed to be the owner of a motor vehicle. They maintain that this suit is not one of the "actions for personal injuries and property damage" or "actions for injury to persons and damage to property" contemplated by these code sections. It is earnestly contended that the Supreme Court has so held. In the case of Reece v. State, 197 Tenn. 383, 273 S.W.2d 475, which was a criminal case wherein a defendant was prosecuted and convicted for possession of intoxicating liquor upon the basis that liquor was found in an automobile registered in the name of the defendant. In its original opinion, the court applied the current version of section 59–1038, aforementioned, saying that "registration of any vehicle in the name of any person constitutes prima facie evidence of ownership of such vehicle by the party to whom it is registered, and also prima facie evidence that it was being used on the business of the registrant. The defendant did not take the stand to rebut this presumption." However, on petition to rehear, the court agreed with defendant's contention that this statute was not applicable to the criminal case, saying, among other things, as follows:

Counsel is correct with reference to the caption and purpose of the Act but in our opinion, it is nevertheless true that it is consonant with the ordinary rules of evidence and methods of proof to hold that a prima facie case of ownership appears when it has been shown that the vehicle is registered in the name of the accused. In the interests of brevity we did not in the original opinion develop the point.

\*     \*     \*     \*     \*     \*

However, whether it be a civil or a criminal case, a person does not in the ordinary course of events in complying with this law or one to be mentioned later herein, register a motor vehicle in his name unless he is the owner of same and entitled to do so. Independent of the statute, therefore, proof of such act is evidence from which it can reasonably be found that the person in whose name the motor vehicle was registered was the owner thereof on the date of the registration.

That is a conclusion based upon facts in evidence and not a mere presumption, so that, although the alleged crime was committed a few months after the date of registration of the vehicle, a presumption may be indulged that the accused continued to be the owner, in the absence of any countervailing proof. Such is not to base an inference upon an inference. The distinction is well made in Western & Atlantic R. R. v. Land, 187 Tenn. 533, 541–542, 216 S.W.2d 27.

*Reece* offers little comfort to defendants. In fact, it is in line with what this court heretofore has said, and, to a large extent, it destroys defendants' position that the court has put inference on inference or presumption on presumption to reach its position in this case.

It must be noted that the court did not say anything decisive about the statute, except that it did not apply in a criminal case. More persuasive of this court's view that this case (although technically a suit on contract) is such a case as is covered by these statutes, is the case of Benton v. State Farm Mutual Automobile Insurance Company, 306 F.2d 179 (6th Cir. 1962), which was in principle just such a suit as the one at bar— against an insurance company to collect a judgment obtained against the driver

of a motor vehicle—in which, among other things, the court said:

> Under the law of Tennessee, registration of an automobile in the name of any person is prima facie evidence of the ownership of the automobile by the person in whose name it is registered. Tennessee Code Annotated, Section 59–1038.

 In sum, plaintiffs' prima facie case, which was not rebutted in any way by any evidence offered by the defendants, is that Mattie Pearl Eskridge was the servant of the owner of the vehicle which she was driving at the time the collision occurred and that theretofore she had often been given permission to use this vehicle by the owner. The one presumption, and the only one, necessary to sustain plaintiffs' case is that Mattie Pearl Eskridge had permission at that time from the owner to use the automobile.

The motions in chief of both defendants are not well taken. They should and will be overruled.

However, another aspect of the motion filed on behalf of Maryland Casualty Company raises once again a troublesome problem with which this court has been concerned on more than one occasion. As has been mentioned, United is the primary carrier and Maryland is the excess carrier. Simply stated, this means that if the coverage afforded by both policies is effective in this case, as the court has held, then the full proceeds of the United policy must be exhausted before recourse may be had to Maryland's policy. With reference to what is agreed to be paid, United's policy, under the heading "supplementary payments", provides:

> To pay, in addition to the applicable limits of liability:
>
> (a) All expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues *after entry* of the judgment and *before the company has paid* or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon. . . . (Emphasis added.)

Under these expressed clear provisions of its policy, United is just as liable for interest on the entire amounts of the judgments until its stated limits are paid or tendered in court as it is liable to pay the stated limits. Until this is done by United, there is no liability against Maryland for any interest. Under the same principle, United is liable for the full amount of the costs awarded to plaintiffs in the prior action. The judgment will be amended to so provide.