**Thomas Darnell JONES, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 11, 1972.

Certiorari Denied by Supreme Court
Dec. 18, 1972.

——◆——

Robert T. McGowan, Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., W. Henry Haile, Asst. Atty. Gen., Arnold Peebles, Jr. and Tom P. Thompson, Jr., Asst. Dist. Attys. Gen., Nashville, for defendant in error.

## OPINION

OLIVER, Judge.

Indigent and represented below and here by an Assistant Public Defender, Jones was convicted of armed robbery in the Criminal Court of Davidson County and was sentenced to imprisonment for 18 years in the penitentiary, and has now brought his case to this Court by an appeal in the nature of a writ of error.

The defendant's only complaint here is that, although the indictment charged and the State's proof showed that the robbery in question was committed with a shotgun, the court permitted the arresting officer to testify over objection that the defendant was armed with a .38 caliber revolver when arrested, and that this officer's testimony was irrelevant and immaterial and was introduced by the State to prejudice the jury against him.

In order to put this matter in proper perspective, we briefly review the evidence, although its sufficiency to warrant and sustain the verdict is not questioned here.

Mrs. Mary Whitfield, an employee of the E-Z Drive-In Market in Nashville, testified that on November 11, 1970 an old model light green Ford automobile which had the left front fender damaged, stopped in front of the market; that the defendant, armed with a shotgun and wearing a dark jacket and a red hunting cap, came inside and said, "This is it, give me all of your money"; and that, telling him she had five children and begging him not to kill her or shoot, she complied and placed more than $180 in a paper bag and gave it to him, and then immediately dropped down behind the counter and remained there until the defendant and the Ford were gone and then called the police and gave them a description of him and the car. Nine days later she identified the defendant as the robber in a properly conducted police line-up in which he participated voluntarily after being advised of his rights and after waiving the presence of counsel. She also positively identified him in the courtroom at the trial, saying, "After looking at him with a shotgun, I would remember him without seeing him before today."

The arresting officer testified that he spotted the described car on November 19, 1970 and the defendant was riding in it as a passenger and he arrested him and found .38 caliber ammunition in his right front pocket; that when asked where the gun was, the defendant said it was under the front seat and that he (the officer), reached under the seat and recovered a .38 caliber Smith and Wesson snub-nosed revolver and later discovered it belonged to Checker Cab driver Harry Smith and it

was returned to him. Although this testimony was admitted over objection by defense counsel as being irrelevant and immaterial because there was no proof that any revolver was used in the robbery, on cross-examination defense counsel questioned the officer in somewhat greater detail concerning the finding of the cartridges and the revolver in the defendant's possession, including inquiry which elicited that it was loaded.

The defendant neither testified nor offered any evidence.

We agree that the arresting officer's testimony relating the finding of the ammunition and the revolver was wholly irrelevant and immaterial to any issue in the case and that it was admitted erroneously. Nevertheless, we affirm for two reasons.

First, the law is settled and is no longer open to question that improper admission or rejection of evidence is not ground for reversal unless it shall affirmatively appear that the alleged error affected the result of the trial. Cole v. State, Tenn.Cr.App., 475 S.W.2d 196; T.C.A. § 27–117; Rule 14(6), Rules of Supreme Court of Tennessee, adopted by this Court. In our judgment, upon this record it cannot be said that admission of the questioned testimony of the officer corruptly influenced the jury or affected the result of the trial to the defendant's prejudice. See also: Landers v. State, 157 Tenn. 648, 11 S.W.2d 868, and Huffman v. State, Tenn.Cr.App., 458 S.W.2d 29.

In the second place, the error was cured when defense counsel developed the subject fully and in further detail on cross-examination of the officer. Snowball v. State, Tenn.Cr.App., 477 S.W.2d 240; Marable v. State, 203 Tenn. 440, 456, 313 S.W.2d 451.

It results that the judgment of the trial court must be affirmed. It is so ordered.

WALKER, P. J., and GALBREATH, J., concur.