STATE of Tennessee, Petitioner,

v.

Patrick HUGHES and Dale Neese, Respondents.

Supreme Court of Tennessee.

Dec. 6, 1976.

Elmer Davies, Jr., Dist. Atty. Gen., Franklin, Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for petitioner; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

William C. Wilson, Nashville, William Carter Conway, Franklin, for respondents.

## OPINION

BROCK, Justice.

The defendants, Hughes and Neese, were convicted of possessing marijuana for the purpose of sale and sentenced to imprisonment for not less than one nor more than two years; in addition, Hughes was fined $1,000.00. These convictions were based upon evidence obtained by means of a search of an automobile by police officers of the City of Franklin. Defendants sought to have this evidence suppressed but the trial court denied their petition. Upon appeal,

the Court of Criminal Appeals held that the search was unlawful and reversed the convictions. We granted the State's petition for review by certiorari.

Shortly before midnight, January 23, 1973, Neese, accompanied by Hughes, drove his Volkswagen automobile to the "Country Store," a novelty shop at the intersection of I–65 and Highway 96 at Franklin. Neese got out and went into the "Country Store" and asked if it was open. When he learned that it would be open for a while, he returned to the car, and Hughes took the driver's seat and drove off, leaving Neese, who then went back into the store and to the soft drink machine where he got a Coca-Cola and some food. An employee reported to the manager that Neese was nervous. The manager became suspicious and made two telephone calls to the police. The manager testified that Neese had a nervous walk but neither defendant had committed any offense there.

When the police officers arrived, they called Neese outside, asked him for identification and checked it through Nashville records and found he had no arrest record. Neese told them that he was at the store to eat; that he and Hughes had started to Florida and had developed car trouble; that Hughes had gone to a friend to have the car repaired and would return. Although the officers knew of no violation of law, they directed Neese to get into the back seat of the patrol car and they then drove to the highway interchange where in a few minutes a Volkswagen approached which Neese told them was his vehicle. The officers then followed as Hughes drove to the "Country Store" and parked there. There is no claim that Hughes' driving was erratic or that he violated any law as the officers followed him.

■ At the "Country Store" the officers parked 20 or 30 feet from Hughes. Leaving Neese in the patrol car, they approached Hughes who rolled the window down and one of the officers smelled the odor of marijuana apparently coming from the car. At this point, the officer proceed-

ed to search the automobile.[1] In the trunk of the vehicle, 22 pounds of marijuana in "brick" form were found whereupon defendants were arrested.

■ Of course, it is fundamental that all persons are protected from unreasonable searches and seizures by the State and its agencies. Art. 1, § 7, Constitution of Tennessee; Amendment 4, Constitution of The United States. It is also well-settled that evidence obtained by the State by means of an unlawful search is not admissible in a criminal case against the victim of the search. *Hughes v. State*, 145 Tenn. 544, 238 S.W. 588 (1922); 20 A.L.R. 639.

■ A search conducted without the authority of a warrant issued by a magistrate upon probable cause is, presumptively, an unreasonable one. But, there are well recognized exceptions to this rule, one of which is that an officer of the law may search an automobile without a warrant if, at the time, he has probable cause to believe that it contains contraband and if the circumstances existing are such that the vehicle will probably escape before a search warrant can be obtained. *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). We hold that the search in this case falls within this exception and was a reasonable one.

The officer who testified that he smelled the odor of marijuana coming from the vehicle when respondent Hughes lowered the window also testified that by reason of his training and experience he was able to detect and identify the distinctive odor of marijuana. In our opinion, this constituted probable cause to believe that the vehicle contained contraband marijuana.[2]

In *Reece v. State*, 197 Tenn. 383, 273 S.W.2d 475 (1954), the search of an automobile for illegal whiskey was upheld on grounds that probable cause was shown by testimony of a police officer that he observed an unidentified liquid dripping from the vehicle, and, simultaneously detected the odor of whiskey. Cases from other jurisdictions indicate that the generally accepted rule is that the detection of the distinctive odor of a contraband substance may, under particular circumstances, constitute probable cause to search.

In *People v. Laird*, 11 Ill.App.3d 414, 296 N.E.2d 864 (1973), the officer stopped a van for a speeding violation and noticed that the truck had no light on its license plate. The officer became suspicious. He received permission to open the van and look inside. Upon opening the door, he immediately detected the odor of marijuana. He then searched the vehicle and discovered a small bag of the substance, and made the arrest. The court sustained the conviction on grounds of a valid search based upon probable cause supplied by detection of the odor of the contraband.

In *People v. McKinnon*, 7 Cal.3d 899, 103 Cal.Rptr. 897, 500 P.2d 1097 (1973), an air freight agent became suspicious when he observed the shape of a package and had an officer inspect its contents. The officer detected both the shape and odor of marijuana "bricks." Again, the court sustained the conviction, holding that in determining probable cause, "an officer may rely on all

---

1. The officers claim that defendants consented to the search, a claim denied by them. We assume, but do not decide, that no consent was given. See *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

   If Hughes rolled down the window of his car in obedience to a demand from Officer Stafford that he exhibit his driver's license, a different question would be presented, because, under the circumstances existing, the officers, not being state patrolmen, had no authority to demand exhibition of such license since Hughes had not then or immediately prior thereto been engaged in a violation of any municipal ordinance or state statute. T.C.A. § 59–709; *Cox*

*v. State*, 181 Tenn. 344, 181 S.W.2d 338 (1944); *Robertson v. State*, 184 Tenn. 277, 198 S.W.2d 633 (1947). However, this point was not fully developed at the hearing and our conclusion from the evidence is that Hughes parked his car voluntarily and then rolled down his window permitting the odor of marijuana to escape *before* Officer Stafford demanded to see his driver's license.

2. The State does not contend and, indeed, under the evidence could not do so successfully, that this search was justifiable as being one incident to a lawful arrest; the officers had no grounds to arrest either Neese or Hughes prior to the search.

his senses." The court noted that the officer was "qualified on the witness stand as being well versed in the detection and identification of illegal narcotics."

And, in *People v. Christensen*, 2 Cal. App.3d 546, 83 Cal.Rptr. 17 (1969), the officer stopped the defendant for a traffic violation and smelled the odor of burning marijuana when he approached the car. Although there was cause to arrest present in that case which was not present in the case at bar nor in *People v. Laird, supra*, the court observed:

"The odor of burning marijuana also afforded probable cause to believe the car contained contraband, a circumstance which would justify a warrantless search of the car even if cause to arrest had been absent." 83 Cal.Rptr. at 18.

As noted previously, a warrantless search is not justified merely because an officer has probable cause; in addition, there must be good cause for foregoing the procurement of a search warrant. This case falls within the "exigent circumstances" exception to the necessity to obtain a search warrant, i. e., that an occupied automobile halted upon the highway will likely escape before the facts constituting probable cause can be presented to a magistrate. *Carroll v. U. S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Armed as they were with probable cause, the officers had the right and duty to search the automobile. To have failed to search under the circumstances would have meant risking loss of the contraband. The defendants at that time were not under arrest and the officers had no cause to arrest prior to the search. This was the situation in *People v. Laird, supra*, wherein the officer stopped the defendant for a traffic violation and searched the car after smelling marijuana. The court pointed out the fact that the officer had no right to further detain the defendant and that he was acting within constitutional bounds in taking action to preserve evidence which he had probable cause to believe was within the vehicle.

It is our conclusion that the Court of Criminal Appeals erred in holding the search in this case to be unlawful and the evidence thus obtained to be inadmissible.

We agree, however, with the conclusion of that Court that the convictions in this case must be reversed. The trial court, over the objections of the defense, admitted evidence that on the day following the arrest of defendants, officers seized about 300 pounds of marijuana in a shed several miles from the place of defendants' arrest. At the time of his arrest, Hughes had told the officers that he had been to see about a "Blazer" automobile which was stuck in the mud in a field. The Sheriff of Williamson County testified that on the following day he discovered a "Blazer" automobile mired in a muddy field a distance of miles from the "Country Store" where the defendants were arrested. A search of the unoccupied house on the property disclosed a set of scales and three bricks of marijuana similar to those found in the Hughes-Neese automobile. A search of a shed near that house disclosed several bags of marijuana, each containing approximately 27 pounds in brick form and each similar to the bag of marijuana found in the Hughes-Neese automobile. The total quantity of marijuana found at that time was approximately 300 pounds. The Sheriff testified that he had personally checked the driving time from the "Country Store" where the defendants were arrested to the property where this marijuana was discovered and the return time. That round trip, including a slight delay, took approximately 16 minutes. This time span coincided with that which elapsed while Hughes left Neese at the "Country Store" the previous evening and returned.

The State insists that such evidence was admissible as tending to prove that defendants intended to sell the marijuana found in their Volkswagen the previous night at the time of their arrest. See T.C.A. § 52–1432(a)(2). That statute provides that ". . . other relevant facts surrounding the arrest" may be the basis of an inference of such intent, but, in our view, the evidence here challenged is not

sufficiently tied to these defendants to be relevant. There is no evidence that the "Blazer" mired in the field belonged to either defendant; nor evidence that either of the defendants owned, possessed or was in any manner connected with the real estate or the shed where the 300 pounds of marijuana was found. Therefore, we are of opinion that such evidence was not sufficiently relevant to any issue in the case and should not have been admitted. Furthermore, we cannot conclude that its admission was harmless error; indeed, the State concedes in its brief that such evidence was "prejudicial" to the defendants. *Jones v. State*, 489 S.W.2d 44 (Tenn.Cr.App.1972).

The judgments of conviction in the trial court are reversed and the case is remanded for a new trial. Costs are taxed against the State.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.