## H. W. O'NIEL v. STATE.

No. A-9468. March 10, 1939.

(88 P. 2d 380.)

Joe Adwon, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. By information the defendant was charged in the common pleas court of Oklahoma county with possession of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $50 and to be imprisoned in the county jail of Oklahoma county for 30 days, and appeals.

Before the case was called for trial the defendant filed his motion to suppress the evidence for the reason that he claimed it was secured by an unlawful search and seizure.

The facts as disclosed by the record on motion to suppress are in substance as follows:

The officers had two search warrants, one to search a one story garage, located the first building west of 223 North West Second street, Oklahoma City, Oklahoma, and

one to search a one story brick building, located at 223 Northwest Second street, Oklahoma City, Okla. These buildings as shown by the record were a shine parlor and a public garage.

The record shows that the officers searched the shine parlor and found no intoxicating liquors. The garage is known as the Pioneer Garage, owned by a Mr. Tower. The officers searched this garage and in two cars stored in the garage belonging to the defendant whisky was found. Several cars were in the garage at the time the search was made, but so far as this record shows the other cars in the garage were not searched.

The only question to be determined upon the motion to suppress the evidence is the question: Did the warrant to search the garage authorize the officers to search the cars of different individuals stored in the garage?

No contention is made by the state that the cars searched in which whisky was found belonged to the proprietor of the garage, or that he had knowledge the cars of the defendant stored in his garage had whisky in them.

It is not contended by the officers that they had any information that the cars contained whisky. They only attempted to justify their action in searching the defendant's cars on the ground that they had a warrant to search the garage.

In Bowen v. State, 50 Okla. Cr. 36, 295 P. 623, the syllabus of the court is as follows:

"A search of an automobile without a search warrant and not as an incident of a legal arrest, not upon any probable cause of the commission of a felony, but upon a mere suspicion, is in violation of article 2, § 30, State Const., Okla. St. Ann. and evidence obtained by such a search is inadmissible."

In Murray v. State, 51 Okla. Cr. 44, 299 P. 506, the court in the body of the opinion states:

"Search of a car without a warrant of arrest, or search warrant, or knowledge by the officers that it contained intoxicating liquor, or without sufficient knowledge to cause an ordinarily prudent person to act, is illegal, and the evidence so obtained should have been excluded upon timely objection. Britton v. State, 34 Okla. Cr. 391, 246 P. 666; Strong v. State [42 Okla. Cr. 114] 274 P. 890."

It is not contended by the officers that they had a warrant for the arrest of the defendant, or that they had any suspicion or authority prompting them to search the cars searched, except the search warrant they had to search the garage.

We hold that in order to justify a search of cars stored in a public garage, it is necessary to have a search warrant specifically describing the cars to be searched. If this was not the law, no business man or travelers would store their car or park it in a public garage, as they would not want to be annoyed by having officers coming around and searching their cars without any authority of law.

The search and seizure in this case was made without any authority of law and the evidence secured thereby is inadmissible.

For the reasons stated, the judgment is reversed.

DOYLE, P. J., and BAREFOOT, J., concur.