**UNITED STATES of America, Plaintiff,**

v.

**Kevin E. SCHMUDE, Defendant.**

**No. 88–CR–121.**

United States District Court,
E.D. Wisconsin.

Nov. 16, 1988.

R. Jeffrey Wagner, Milwaukee, Wis., for plaintiff.

Jeffrey A. Kaufman, Milwaukee, Wis., for defendant.

ORDER

REYNOLDS, Senior District Judge.

On August 31, 1988, defendant Kevin Schmude was indicted on one count of unlawfully dealing in firearms in violation of 18 U.S.C. § 922(a)(1), and three counts of possessing firearms after a previous felony conviction in violation of 18 U.S.C. § 922(g)(1). Presently before the court are two recommendations of Magistrate Robert L. Bittner regarding defendant's pretrial motions. Magistrate Bittner recommends that this court deny defendant's motion for severance and grant defendant's motion to suppress evidence obtained from a search of the trunk of defendant's girlfriend's car. The government has objected to the magis-

---

trate's recommendation to grant defendant's motion to suppress. The court has carefully reviewed the file and has decided to deny defendant's motion for severance and to deny defendant's motion to suppress the evidence seized from the car.

### FACTS

On August 31, 1988, Special Agent Bradford A. Hays of the Federal Bureau of Alcohol, Tobacco and Firearms, applied for and received a search warrant to search "on premises known as the real property located at 2232–226, Hwy. 96, Kaukauna, Wisconsin, including (a) a single-story, wooden frame residence with a lower-level garage; (b) an outbuilding adjacent to the home; and (c) all the grounds comprising the real property at 2232–226, Hwy. 96, Kaukauna, Wisconsin ... [for] firearms and/or records of firearm transactions, ammunition and U.S. currency." On September 1, 1988, Special Agent Hays arrived at the property described in the search warrant with a warrant for the defendant's arrest and the search warrant. Special Agent Hays observed the defendant and his girlfriend, Helen Bowers, seated in a 1979 Ford Fairmont which was on the premises, i.e., was parked in the driveway.* The defendant was seated in the driver's seat when Special Agent Hays approached the car.

Special Agent Hays approached the car and, in order to separate the defendant from the car which Hays believed contained firearms, led the defendant away for the purpose of showing the defendant stolen explosives. The defendant followed and Hays placed him under arrest.

Ann Bowers (Helen Bowers' mother and the owner of the premises) was told by Special Agent Hays that Hays wanted to search the car (which had become locked sometime after the defendant left the car). Ann Bowers objected to the search; however, when Special Agent Hays told her that the search warrant included a search of the car, Bowers consented. The search

of the car's trunk produced ammunition, knives and clothing owned by defendant Schmude.

### MOTION TO SUPPRESS

The magistrate recommended that the court suppress the evidence obtained from the search of the car because Ann Bowers, the owner of the premises, did not own or control the car. The magistrate relied on the holding of the Seventh Circuit Court of Appeals in *United States v. Percival,* 756 F.2d 600, 612 (7th Cir.1985), which stated that "[w]e therefore agree with other courts that have addressed this issue and hold that a search warrant authorizing a search of a particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on the premises."

The government argues that the magistrate has misinterpreted the court's focus in *Percival* and has overemphasized the use of the word "owner" in the holding. The government contends that *Percival* is distinct from the facts of this case because the defendant and target of the search in *Percival* was also the owner of the premises. The government argues that the other courts which addressed this issue held that the search of particularly described premises permits the search of vehicles found on the premises which were within the control of the target of the search. The government contends that defendant Schmude is the equivalent of the owner in *Percival.*

This court is persuaded that *Percival* is distinct from this case because the target of the search was the owner of the premises in *Percival.* Other jurisdictions that have considered this issue seem to focus not on who owns the premises to be searched, but rather, as the government argues, on who was the target of the search. *See, e.g., United States v. Napoli,* 530 F.2d 1198 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976) (court denies suppression of evidence seized from defendant's car parked at his

---

* The car originally belonged to the defendant, but sometime in August 1988, the defendant transferred the title to Helen Bowers. The defendant retained a set of keys for the car and continued to drive the car on a regular basis.

mother's home). The Seventh Circuit in *Percival* cited to these cases in support of its holding. In this case, the affidavit for the search warrant clearly indicated that Schmude was the target of the search, and the evidence establishes that the car was under Schmude's control. Thus, this court believes that, in this case, the Seventh Circuit would not suppress the evidence seized from the car.

 A search conducted pursuant to a valid search warrant is a nonconsensual search. Because the search warrant and accompanying affidavit established probable cause for the search of the premises for firearms, ammunition and U.S. currency, and the affidavit indicates that Schmude was the target of the search, this court does not believe that ownership or control of the various containers searched on the premises should be a relevant consideration. The warrant authorized the search of the premises, limited only by the nature of what the agents were searching for. Although the preferable practice would be to identify the car to be searched in the warrant, the Fourth Amendment does not require it. Therefore, absent any claim that the search warrant was invalid, this court believes that the search of a car found on the premises was within the scope of warrant. *See United States v. Cole*, 628 F.2d 897 (5th Cir.1980).

## MOTION FOR SEVERANCE

The defendant has also moved to sever the trial of count one (unlawful dealing in firearms) from counts two through four (convicted felon in possession of firearms). The magistrate recommends denying defendant' motion and the defendant has not objected.

 Counts one through four of the indictment are properly joined and, thus, the question of severance is left to this court's discretion. The court agrees with the magistrate that any problem arising from the admission of evidence of defendant's prior felony convictions can be remedied by promptly instructing the jury that this evidence is not to be considered by the jury in determining the defendant's guilt or inno-

cence on count one. The court will adopt the magistrate's recommendation and deny defendant's motion for severance.

IT IS THEREFORE ORDERED that defendant's motion to suppress is denied.

IT IS FURTHER ORDERED that defendant's motion to sever is denied.