UNITED STATES of America,
Plaintiff–Appellant,

v.

Bruce T. GOTTSCHALK,
Defendant–Appellee.

No. 90–4025.

United States Court of Appeals,
Tenth Circuit.

Oct. 11, 1990.

Wayne T. Dance, Asst. U.S. Atty. (Dee Benson, U.S. Atty., with him on the briefs), Salt Lake City, Utah, for plaintiff-appellant.

G. Fred Metos of Yengich, Rich, Xaiz & Metos, Salt Lake City, Utah, for defendant-appellee.

Before ANDERSON and BRORBY, Circuit Judges, and BRIMMER,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

The United States appeals the district court's ruling granting a motion to suppress evidence seized from Bruce Gottschalk's vehicle during the execution of a valid search warrant. The district court suppressed the evidence because the car, which was parked within the curtilage of the premises described in the warrant, did not belong to and was not actually controlled by the owner of the premises at the time of the search. Because we hold that actual control of the automobile was not the proper test, we reverse.

BACKGROUND

Based on an affidavit enumerating the results of an ongoing investigation conducted by the Drug Enforcement Agency and the Metro Narcotics Strike Force of the West Valley City, Utah Police Department, a Utah magistrate issued a valid warrant authorizing the search of the residence of William Bailey located in Copper-

---

* The Honorable Clarence A. Brimmer, Chief Judge, U.S. District Court for the District of Wyoming, sitting by designation.

ton, Utah, as well as two other nearby residences. Neither Gottschalk nor his vehicle were mentioned in the warrant, and Gottschalk was not a target of the investigation or the warrant. The search warrant did not specifically list any vehicles to be searched, but rather authorized the search of the entire premises for methamphetamine, methamphetamine laboratory equipment, by-products and precursor chemicals of methamphetamine manufacture, and chemical containers for any of the chemicals involved in the manufacture of methamphetamine.

On August 20–21, 1989, when the search was conducted, and for several weeks prior to the search, Gottschalk's yellow Cadillac automobile had been parked in the driveway of the Bailey residence in an inoperable state. After obtaining the warrant, just prior to executing the search sometime around 10:00 p.m., the police were advised by a retired Salt Lake County sheriff who lived adjacent to the Bailey residence and who had acted as an informant throughout the investigation that the lights were all on at the Bailey residence and that the suspects were moving objects from the trunk of a yellow automobile parked in the driveway into Bailey's garage.

During the course of the search at the Bailey residence, police officers discovered numerous items of evidence including a briefcase containing a pipe bomb with a time fuse. Papers inside the briefcase indicated that it belonged to Gottschalk. A number of stolen vehicles and stolen car parts were found during the search of the three residences.

Between 4:00 and 6:00 a.m. officers from the Department of Motor Vehicles who were present on the scene identified the yellow Cadillac as belonging to Gottschalk. Based on their belief that the Cadillac was the yellow vehicle described by the informant, and because the car was parked on the premises where abundant evidence of drug trafficking and weapons offenses had

already been found, and on a belief that the car might be another stolen vehicle, the officers decided to search the car. At about the same time, in the course of checking the visible vehicle identification number (VIN) of the Cadillac to determine whether the VIN had been altered, a state investigator informed the other officers that part of the car's engine was missing and that it was inoperable.

The officers found the keys to the Cadillac in the ignition, which were readily accessible through the open window. The officers reached through the window, obtained the keys and opened the trunk. Inside they found several weapons and some engine parts which they seized as evidence.

At a hearing conducted pursuant to Gottschalk's motion to suppress the evidence seized during the search of the Cadillac, Gottschalk testified that he was a guest at Bailey's residence from August 18 to August 20, that he owned the Cadillac in question, and that it was located on the Bailey residence at the time of the search. He further testified that about one month earlier he had been visiting Bailey in Utah and that when he departed at that time he left the Cadillac there because it had broken down. He asserted that he left nothing in the trunk except some unrelated personal items such as an antique record set, and that he did not instruct or authorize anyone to place firearms in the car.

Although the magistrate recommended that Gottschalk's motion to suppress be denied, the district court found that because Bailey, the owner of the premises described in the search warrant, was not the owner of the Cadillac and because the evidence did not establish that the Cadillac was under his dominion and control, the warrant did not authorize its search.[1]

## DISCUSSION

We review the district court's findings of fact on the motion to suppress under the clearly erroneous standard. *United States*

---

**1.** The government also contended that the search was justified based on exigent circumstances and public safety concerns. Both the magistrate and the district court rejected these

alternate grounds. Because we find that the search was within the scope of the warrant, we do not address the court's other findings.

*v. Alonso*, 790 F.2d 1489 (10th Cir.1986). The district court's finding that Bailey did not have actual control and dominion over the yellow Cadillac notwithstanding its extended presence on his property is a factual determination that we will not disturb unless clearly erroneous. We begin, however, by examining the court's legal conclusion that such actual control and dominion is necessary to bring the car within the scope of the warrant.

■ A search warrant authorizing a search of a certain premises generally includes any vehicles located within its curtilage if the objects of the search might be located therein. *See, e.g., United States v. Griffin*, 827 F.2d 1108 (7th Cir.1987), *cert. denied*, 485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 243 (1988); *United States v. Asselin*, 775 F.2d 445 (1st Cir.1985); *United States v. Bulgatz*, 693 F.2d 728 (8th Cir. 1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1203, 75 L.Ed.2d 444 (1983); *United States v. Napoli*, 530 F.2d 1198 (5th Cir.), *cert. denied*, 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976). One circuit has added a limitation to the general rule: "that the vehicle to be searched must be owned or controlled by the owner of the premises searched...." *United States v. Percival*, 756 F.2d 600, 612 (7th Cir.1985).[2] Although this limitation has been applauded by some commentators, 2 W. LaFave, *Search and Seizure*, § 4.10(c) at 323 n. 51 (1978), it has been explicitly rejected by at least one circuit and several other courts. *United States v. Cole*, 628 F.2d 897 (5th Cir.1980) (upholding the search of a truck of a third party which arrived at the searched residence during the execution of the search warrant), *cert. denied*, 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981); *United States v. Schmude*, 699 F.Supp. 200, 202 (E.D.Wis.1988) ("[T]his court does not believe that ownership or control of the various containers searched on the premises should be a relevant consideration.... [A]bsent any claim that the search [of the premises] was invalid, this court believes that the search of a car found on the prem-

ises was within the scope of warrant."), *aff'd in part, rev'd in part on other grounds*, 901 F.2d 555 (7th Cir.1990); *Beeler v. State*, 677 P.2d 653 (Okla.Crim.App. 1984).

Gottschalk urges that we should adopt a strict limitation on the scope of a "premises" search warrant to exclude any vehicles other than those actually owned or controlled by the owner of the premises. The difficulty with such a limitation, as formulated, is demonstrated by this case. The circumstances surrounding the search of the Cadillac were such that at the time the officers decided to proceed it would have been difficult to determine with precision whether the car was in fact controlled by Bailey or whether Gottschalk retained full control and dominion. Even after an evidentiary hearing on the matter, the magistrate and the district court reached contradictory conclusions on this factual question. A legal limitation based on such a difficult and uncertain factual determination is neither practical nor desirable where it must be applied in cases such as this, late at night, in the course of considerable surrounding police activity, without the benefit of full factual inquiry, and by non-legally trained personnel.

We believe the better rule in these circumstances is to define the scope of the warrant to include those automobiles either actually owned or under the control and dominion of the premises owner or, alternatively, those vehicles which appear, based on objectively reasonable indicia present at the time of the search, to be so controlled. Thus where the officers act reasonably in assuming that the automobile is under the control of the premises owner, it is included in the warrant.

■ Applying this rule to the facts of this case, the officers had before them sufficient indicia of control to render the search of the vehicle proper within the scope of the warrant. First, the officers discovered the vehicle on the premises at the time the search commenced; it was not

---

2. The holding in *Percival* has been cited with approval in other courts not faced with the exact issue before us. *See, e.g., United States v.*   *Reivich*, 793 F.2d 957, 963 (8th Cir.1986); *Commonwealth v. Signorine*, 404 Mass. 400, 535 N.E.2d 601 (1989).

driven onto the curtilage during the search. Second, they knew that it was inoperable and could reasonably assume it had been on the premises for some time and would remain there for at least some time longer.[3] Third, the police had reliable information that the Cadillac was being used as a storage place by the persons within the residence and that objects were being moved from the trunk of the car into the garage. Fourth, the owner of the premises had physical access to the keys left in the ignition and could easily use the trunk or other compartments in which to hide drugs or weapons. Given these circumstances, we conclude that the officers acted reasonably in assuming that Bailey, the owner of the residence, had control over the yellow Cadillac. Therefore, the search was valid.

## CONCLUSION

Because we hold that the search of Gottschalk's vehicle was valid under the scope of the search warrant, we do not reach the government's other contentions that the district court clearly erred in determining that Bailey did not in fact have control over the car or that it should have found the search to be valid on other grounds. The district court's ruling is REVERSED.

---

**3.** Likewise, because of the residential character of the premises and the location of the Cadillac in the driveway, the officers could reasonably assume that the vehicle was not being stored on the property pursuant to some lease agreement.

Thus the circumstances are distinguishable from a warrant issued for a public parking garage wherein numerous cars are stored, some for long periods of time. *Cf. O'Niel v. State,* 65 Okl.Cr. 398, 88 P.2d 380 (1939).