953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Wayne CARR, Defendant-Appellant.
 No. 91-3184.
 United States Court of Appeals, Tenth Circuit.
 Jan. 22, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-Appellant, Melvin W. Carr, seeks reversal of his conviction because the search of his vehicle was not authorized by a warrant. The warrant in question covered only the search of his premises. We hold, however, that even if the search of defendant's vehicle was illegal, the admission of evidence found during that search was harmless beyond a reasonable doubt. We affirm.
 
 
 2
 Defendant was convicted by a jury of one count of credit card fraud and one count of mail fraud. See 18 U.S.C. § 1029(a)(2); 18 U.S.C. § 1341. Prior to trial, defendant moved to suppress photographs of a newly installed carburetor. The photographs were taken by police officers when they searched his truck. Defendant argued that the truck was not within the curtilage of his premises and thus its search was not authorized by a premises search warrant. The district court denied the motion to suppress.
 
 
 3
 A warrant to search premises includes the authority to search vehicles located within its curtilage if objects of the search might be located there. United States v. Gottschalk, 915 F.2d 1459, 1461 (10th Cir.1990). The primary focus in determining the extent of the curtilage is "whether the area in question harbors those intimate activities associated with domestic life and the privacies of the home." United States v. Dunn, 480 U.S. 294, 301 n. 4 (1987). On the facts as we understand them, defendant presents a question as to whether his truck was outside the curtilage, thus making the search illegal. We need not decide that issue, however, because the admission of the photographs was harmless beyond a reasonable doubt.
 
 
 4
 As a reviewing court, it is our duty to consider the record as a whole and to disregard errors that are harmless beyond a reasonable doubt. United States v. Kornegay, 885 F.2d 713, 718 (10th Cir.1989) cert. denied, 110 S.Ct. 2179 (1990). Even errors involving constitutional violations may be ignored if harmless. Id.; see also United States v. Maez, 872 F.2d 1444, 1457 n. 18 (10th Cir.1989). When there is other overwhelming evidence of a defendant's guilt, an otherwise reversible error can be considered harmless beyond a reasonable doubt. See Harrington v. California, 395 U.S. 250, 254 (1969); United States v. Morales-Quinones, 812 F.2d 604, 610 (10th Cir.1987).
 
 
 5
 Defendant was charged with credit card fraud in violation of 18 U.S.C. § 1029(a)(2) and with mail fraud in violation of 18 U.S.C. § 1341. Three elements must be satisfied in order to be convicted of credit card fraud:
 
 
 6
 First, the person must have knowingly and with intent to defraud trafficked in, or used, one or more access devices (such as credit cards) without authorization. Second, the person must, as a result, have obtained anything of value aggregating $1000 or more during a year-long period. Finally, the offense must have affected interstate or foreign commerce.
 
 
 7
 United States v. Ryan, 894 F.2d 355, 357 (10th Cir.1990).
 
 
 8
 To obtain a conviction for mail fraud, the government's evidence must show " '(1) a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises; and (2) use of the United States mails for the purpose of executing the scheme.' " United States v. Brown, 943 F.2d 1246, 1253 (10th Cir.1991) (quoting United States v. Cardall, 885 F.2d 656, 679 (10th Cir.1989).
 
 
 9
 After reviewing the record, we have determined that there was abundant evidence, apart from the photographs of the carburetor, to satisfy the elements of credit card fraud and mail fraud. An application for the credit cards to be issued in the name of Billy B. Bottom had been mailed from defendant's address to the Kansas City Bank Card Services Center. IR. doc. 55 at 36-38. Billy B. Bottom testified that he did not apply for the credit cards and did not give anyone permission to use personal information about him in doing so. Id. at 18-19. The cards had been issued through the Kansas City Bank Card Services Center, after the application had been sent to Total Systems, Inc., in Columbus, Georgia, which actually mailed the cards. Id. at 37. The credit cards, issued in the name of Billy B. Bottom, were mailed to defendant's address in Augusta, Kansas. Id. at 47. A convenience check, which operates like a cash advance against the credit card, was made payable to the order of defendant in the amount of $500. Id. at 40. After defendant moved from Augusta to Wichita, bills mailed to defendant's new address were paid via money order received from the new address. Id. at 50, 162-63. The transactions on the billing statement dated July 8, 1989, reflected purchases and cash advances, made between May 25 and June 27, 1989, totalling $1516.63. Id. at 43, 44-45. The credit cards were also used to purchase a Sylvania television, id. at 74-96, a stereo/CD player, id. at 99-103, and a carburetor kit. Id. at 107-112, 134-35. A box which had contained a carburetor kit was found in defendant's trash dumpster by police, along with an owner's manual for a Sylvania television, which had been cut in pieces. Id. at 167-68, 200-01, 203-04. Pictures taken in defendant's home on the night of the search revealed the presence of the television and the stereo/CD player. Id. at 210-11. The television, stereo/CD player, leftover carburetor parts, and a carburetor decal were seized from defendant's residence. Id. at 120, 170, 207. The printing on the credit card application was positively identified as that of defendant. II R. doc. 56 at 266-67. There was also evidence presented which established a strong probability that the cursive writing on the application was that of defendant. Id. at 267. And finally, a palm print on the sales slip for the television matched that of defendant. I R. doc. 55 at 94; II R. doc. 56 at 275.
 
 
 10
 Given this overwhelming evidence of both credit card fraud and mail fraud, we find that the admission of the pictures of a new carburetor installed in defendant's truck was harmless beyond a reasonable doubt.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3