961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bruce T. GOTTSCHALK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-4211.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Bruce T. Gottschalk appeals the denial of his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. He claims his due process rights were violated due to the absence of a referral policy dictating whether a person should be tried in a state forum or a federal forum. Mr. Gottschalk previously pled guilty to violations of 21 U.S.C. § 846 and 18 U.S.C. § 924(c), and his case has been before us on an appeal from the district court's ruling on a motion to suppress. United States v. Gottschalk, 915 F.2d 1459 (10th Cir.1990). The motion filed by Mr. Gottschalk, relating to the appeal which is now before us, does not challenge his plea of guilty, and Mr. Gottschalk did not raise the due process issue urged here either at the time he entered his plea of guilty, at sentencing, or on direct appeal.
 
 
 3
 After carefully reviewing the record, including the pleadings and arguments advanced by Mr. Gottschalk, we affirm the district court substantially on the grounds and for the reasons set forth in the Report and Recommendation of the Magistrate Judge filed October 11, 1991 and the district court's "Order Overruling Plaintiff's Objections to Report and Recommendation and Denying Plaintiff's Motion to Vacate his Sentence" filed November 5, 1991, copies of which are attached hereto and incorporated by this reference.
 
 
 4
 AFFIRMED.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION
 
 
 6
 BRUCE T. GOTTSCHALK, Plaintiff(s),
 
 
 7
 vs.
 
 
 8
 UNITED STATES OF AMERICA, Defendant(s).
 
 Case No. 91-C-1041 W
 REPORT & RECOMMENDATION
 
 9
 Oct. 11, 1991.
 
 
 10
 Bruce T. Gottschalk, a federal inmate confined at the federal prison at Lompoc, California has filed a motion to vacate his sentence under 28 U.S.C. § 2255. The movant was charged in the District of Utah in 89-CR-165 W with manufacture and attempted manufacture of methamphetamine, using a firearm during a drug crime and possession of an explosive device. The case was prosecuted in federal court, but state metro narcotics officers were involved in the investigation. The case resulted in a conviction on April 19, 1991 on a plea of guilty. No appeal was taken to the Court of Appeals except for a pre-plea interlocutory appeal based on a suppression of evidence claim which was decided adverse to movant.
 
 
 11
 The movant now contends that his motion to vacate should be granted because there was no "strike force policy ... regarding referral of cases for federal prosecution." Movant contends this constitutes a violation of due process and entitles him to be resentenced without regard to federal sentencing standards.
 
 
 12
 The case has been referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). The motion has been reviewed under Rule 4, Rules Governing Section 2255 Cases. This report and recommendation has been submitted on the motion to vacate.
 
 
 13
 The movant places reliance for his motion on the decision of Judge Greene of this District in United States v. Williams and Pat, 746 F.Supp. 1676, 1678 (D.Utah 1990) wherein Judge Greene ruled procedural due process was violated where there was no criteria for the exercise discretion of whether to pursue federal or state prosecution for drug violations. Judge Greene then applied state sentencing matrix in spite of minimum mandatory statutory provisions and sentencing guidelines to the contrary.
 
 
 14
 The movant, in this case, entered a plea of guilty to the charge. The movant does not challenge his plea of guilty but seeks to be resentenced "irrespective of Federal Sentencing Guidelines" and that the state penalties be considered, which was relief afforded in the Williams case, infra. Movant did not raise this issue before, at sentencing or on appeal. It can be legitimately concluded that the motion is procedurally barred. United States v. Frady, 456 U.S. 152 (1982). The sentence was not in excess of that allowed by law (see United States v. Long, 787 F.2d 538, 539 (10th Cir.1986) but involved a question of constitutional process in the charging of movant. This could have been and should have been raised earlier, or on appeal, and the failure to do so should be considered a bar to the movant's request for relief under § 2255. United States v. Frady.
 
 
 15
 The issue raised by movant was before the United States Court of Appeals for the Tenth Circuit in United States v. Anderson, 940 F.2d 593 (10th Cir.1991). The defendant argued he was denied due process when state charges were dropped and federal charges substituted. Defendant relied on United States v. Williams, supra. The circumstances involved an investigation by the Weber/Morgan County Narcotics Strike force. The court held "discretion afforded prosecutors in cases like that before us does not violate due process." The matter rests in the sound discretion of the prosecutor (Id). The court observed defendant could be prosecuted by both state and federal governments. The court expressly held the due process challenge to the prosecutor's discretion was without merit even if additional federal penalties are provided. The court also explained the defendant did not understand the role the strike force played in the prosecution process. It does not determine the jurisdiction. The prosecutor makes the decision to proceed or not, in a given case. The Court of Appeals held no standards were required for the United States Attorney's judgment. Consequently, the Anderson decision rejects the reasoning of the Williams case relied on by movant and the movant's due process argument must be rejected.
 
 Conclusion
 
 16
 The motion of Bruce T. Gottschalk, to vacate his sentence, should be denied.
 
 
 17
 Copies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within ten days from the receipt hereof.
 
 
 18
 DATED this 11th day of October, 1991.
 
 
 19
 /s/ Ronald N. Boyce
 
 
 20
 /s/ United States Magistrate Judge
 
 CERTIFICATE OF MAILING
 
 21
 I HEREBY CERTIFY that a true and correct copy of the foregoing REPORT and RECOMMENDATION has been mailed, postage prepaid, to all parties named below on this 11th day of October, 1991.
 
 Bruce T. Gottschalk
 
 22
 3901 Klein Blvd.
 
 
 23
 # 02750-081, F.-Unit
 
 Lompoc, CA 93436
 Wayne Dance
 Asst. U.S. Attorney
 
 24
 350 So. Main St.
 
 Salt Lake City, UT 84101
 
 25
 /s/ Signature illegable
 
 
 26
 /s/ Clerk
 
 ATTACHMENT
 
 27
 ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO VACATE HIS SENTENCE
 
 
 28
 Plaintiff, Bruce T. Gottschalk, filed a motion to vacate his sentence under 28 U.S.C. § 2255. The matter was referred to the magistrate judge, Honorable Ronald N. Boyce, who issued his report and recommendation on October 11, 1991, recommending that plaintiff's motion to vacate his sentence be denied. Thereafter, the plaintiff filed timely objections to the magistrate report and recommendation. This court has now made a de novo review of all matters to which objection has been made to the report and recommendation and, in fact, this court has made a de novo review of the entire file. It appears to the court that the magistrate judge has thoroughly and correctly analyzed the law that relates to this motion and that the plaintiff, Bruce T. Gottschalk's motion is procedurally barred. Because the magistrate judge's report and recommendation completely responds to the plaintiff's motion and to the objections that have been raised, this court sees no need to elaborate further on the matter, and based on the foregoing and good cause appearing,
 
 IT IS HEREBY ORDERED as follows:
 
 29
 1. This court adopts the report and recommendation of the magistrate judge entered on October 11, 1991.
 
 
 30
 2. The plaintiff, Bruce T. Gottschalk's motion to vacate his sentence is denied.
 
 
 31
 Dated this 4th day of November, 1991.
 
 
 32
 /s/ David K. Winder
 
 United States District Judge
 
 33
 Mailed a copy of the foregoing to the following named counsel this 4th day of November, 1991.
 
 Bruce T. Gottschalk
 3901 Klein Boulevard
 
 34
 # 02750-08, F.-Unit
 
 Lompoc, California 93436
 Wayne Dance
 Assistant U.S. Attorney
 476 U.S. Courthouse
 Salt Lake City, Utah 84101
 
 35
 /s/ Lois G. Elder
 
 
 36
 /s/ Secretary
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3