F I L E D
**United States Court of Appeals
Tenth Circuit**

**NOV 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRUCE T. GOTTSCHALK,

Defendant-Appellant.

No.  97-4186
(D.C. No. 95-CV-653)
(D. Utah)

**ORDER AND JUDGMENT**  *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Bruce T. Gottschalk appeals the district court's denial of his third motion challenging his convictions and sentence pursuant to 28 U.S.C. § 2255.[1] We affirm in part, reverse in part, and remand for further proceedings.

## I

Gottschalk pled guilty in 1991 to one count of attempting to manufacture and manufacturing 100 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846; one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and one count of possessing a destructive device not registered to him in violation of 26 U.S.C. § 5861(d). He was sentenced to 195 months' imprisonment, which included the mandatory sixty months for the § 924(c) violation. He did not take a direct appeal. Gottschalk filed his first § 2255 motion in October 1991, claiming that he had been denied due process because of "forum shopping" involving his referral for federal prosecution. The motion was denied, and this court affirmed the denial. See Gottschalk v. United States, No. 91-4211, 1992 WL 75200 (10th Cir. April 13, 1992). He filed his second § 2255 motion in August 1992

---

[1] Gottschalk filed an application for a certificate of appealability as required by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), but because he filed his motion prior to the effective date of AEDPA, he does not need a certificate of appealability to proceed with his appeal. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998).

challenging the administrative reclassification of methamphetamine. That motion was denied, and his appeal was dismissed in March 1993.

Gottschalk then filed his third § 2255 motion, the one currently before us, on July 17, 1995. The only issue contained in the original motion was a double jeopardy claim based on the fact that some of his personal property had been civilly forfeited as a result of the criminal activity for which he was convicted. In January 1996, the district court allowed him to amend his motion to add a challenge to his § 924(c) conviction based on Bailey v. United States, 516 U.S. 137 (1995). In June 1996, Gottschalk filed what he called a "Motion for Determination of Jurisdiction," which essentially was another motion to amend that the court implicitly granted, challenging his convictions under 21 U.S.C. §§ 841 and 846 and 26 U.S.C. § 5861(d) on commerce clause grounds in light of United States v. Lopez, 514 U.S. 549 (1995). In May 1997, Gottschalk sent the court a letter, which is not part of the record, apparently contending that his counsel had been ineffective at sentencing for not requiring the government to prove that the type of methamphetamine involved was the d-isomer, the type on which his sentence was based.

On June 4, 1997, the magistrate judge issued his report and recommendation addressing Gottschalk's amended motion and subsequent filings. The magistrate judge recommended that his double jeopardy claim be denied in

light of United States v. Ursery, 116 S. Ct. 2135, 2147 (1996), which held that civil forfeitures do not constitute punishment for double jeopardy purposes. The magistrate judge also recommended that Gottschalk's commerce clause challenge to his §§ 841 and 846 convictions be denied because similar challenges had been rejected in United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir. 1995), and that his challenge to his § 5861 conviction be denied because Congress passed that statute under its taxing power rather than its commerce clause power. Turning to Gottschalk's Bailey challenge to his § 924(c) conviction, the magistrate judge noted that the government conceded that his conviction could not be sustained for "using" a firearm and that the government did not argue that it alternatively could be sustained for "carrying" a firearm. The magistrate judge thus recommended that the § 924(c) conviction be vacated, but that a hearing be held to determine whether his sentence should be enhanced under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with his drug crime. Finally, the magistrate judge concluded that Gottschalk had failed to properly raise his ineffective counsel claim, but recommended that he be granted leave to file a supplemental motion to properly raise this issue.

Both parties filed objections to the magistrate judge's report and recommendation. Additionally, Gottschalk submitted a proposed amended motion raising his ineffective counsel claim. The government objected to the filing and

-4-

consideration of this motion on the basis that the original motion had been pending for nearly two years and any attempt to amend at this point would be an abuse of the writ under AEDPA. [2]

The district court adopted the magistrate judge's recommendation regarding Gottschalk's double jeopardy claim and his commerce clause challenge to his §§ 841 and 846 convictions. The court rejected the magistrate judge's recommendation, and the government's concession, that the § 924(c) conviction be vacated. The court concluded that because Gottschalk had pled guilty to both using and carrying a firearm, and there was a factual basis in the record to support his plea to carrying, the conviction could be sustained under the carry prong of § 924(c). The court declined to address Gottschalk's challenge to his § 5861 conviction because in his objections to the magistrate judge's report and recommendation, Gottschalk had changed his argument, and the court found that argument not properly before it. Similarly, the court declined to address his ineffective counsel claim on the basis that it was not properly before the court.

---

[2] In his report and recommendation, the magistrate judge had concluded that the provisions of AEDPA regarding successive motions did not apply to Gottschalk's third motion because he filed it before AEDPA's effective date. The magistrate judge did note that under the law effective at the time Gottschalk filed his motion, a § 2255 motion was not available to correct errors that could have been raised in a prior § 2255 motion absent a showing of cause and prejudice or a fundamental miscarriage of justice. The magistrate judge therefore stated that in Gottschalk's amended motion, he should explain why he failed to raise his ineffective counsel claim in his two previous § 2255 motions.

The court therefore dismissed these claims without prejudice and suggested that should Gottschalk wish to raise them in a subsequent proceeding, he would need to comply with the requirements of 28 U.S.C. § 2244(a) and (b)(3) regarding successive § 2255 motions.

## II

On appeal, Gottschalk raises the following issues:

[1]  Whether the Court completely failed to pierce the pleadings and record and disregarded the fact that the sentencing court misapplied the guidelines by failing to convert the amount of ephedrine in this case to marijuana before going to the 2D1.1 tables.

[2]  Whether Mr. Gottschalk was denied the effective assistance of counsel, and whether this issue was properly before the Court, after the magistrate properly allowed an amended petition to be filed.

[3] Whether the Court had jurisdiction over acts of manufacturing made criminal under the Commerce Clause, where such right was reserved to the states violative of the Tenth Amendment, and government does not show a nexus to interstate commerce under the facts of this case.

[4] Whether the district court could rely on pre-guilty plea proceedings to find a factual basis [to support his § 924(c) conviction under the carry prong].

Appellant's Br. at 15, 16, 21.

## A

Gottschalk raised his first issue only as part of his ineffective counsel claim, so we address his first and second issues together. The district court declined to address the merits of the ineffective counsel claim, apparently on the basis that since Gottschalk did not attempt to raise this issue until over a year after AEDPA's effective date, Gottschalk needed to comply with AEDPA's requirement that he obtain leave from this court pursuant to 28 U.S.C. § 2244(b)(3) to file a successive § 2255 motion and raise this claim.[3] Gottschalk contends that because he filed his original (third) motion prior to AEDPA's effective date, applying the AEDPA requirement of leave to file a successive motion to his attempt to amend his motion would violate the prohibition against ex post facto laws. He also contends that the magistrate judge had authority to allow him to amend his motion under Fed. R. Civ. P. 15(b).[4]

---

[3]     The district court's order is not entirely clear on the reason it concluded this claim was not properly before it. Both Gottschalk and the government read the court's order as indicating that AEDPA precluded it from addressing the claim, and that appears to be the best reading of the order. However, the court earlier stated that "[t]he Government *may* also be correct in expressing doubt whether Petitioner may now raise his Sixth Amendment claim in light of [AEDPA and § 2244(b)(3)]." R. Vol. III, Doc. 44, at 31 n.24 (emphasis added). Additionally, the court had earlier addressed Gottschalk's commerce clause claim on the merits, though that claim also was not raised until after AEDPA's effective date.

[4]     Gottschalk raised these arguments in his application for a certificate of appealability but not in his opening brief. Because he is proceeding pro se, we

(continued...)

-7-

Subsequent to the district court's ruling in this case, the Supreme Court held that the amendments to Chapter 153 of United States Code Title 28 enacted through AEDPA, which include § 2244(b)(3)'s requirement that a court of appeals grant leave to file successive § 2255 motions, did not apply to cases filed before AEDPA's effective date, April 24, 1996.    See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997);  see also Kunzman, 125 F.3d at 1364 n.2.  Section 2244(b)(3) therefore did not apply to the proposed amended motion, and the district court had the discretion to allow him to amend his motion.    See Stafford v. Saffle, 34 F.3d 1557, 1560 (10th Cir. 1994).  Ordinarily, we would remand this issue to the district court for it to exercise its discretion.

We need not do that in this case, however, because Gottschalk has procedurally defaulted his ineffective counsel claim.  "The abuse of the writ doctrine prohibits [a petitioner's] second [or subsequent] § 2255 motion unless he

---

[4](...continued)
will liberally construe his filings as adequately raising these arguments. However, we will not consider issues he raised in his objections to the magistrate judge's report and recommendation and "objections" to the district court's final order that he apparently incorporates by reference into his brief on appeal.  Fed. R. App. P. 28(a)(6) requires that an appellant's "argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."  The rule does not allow the incorporation by reference of arguments made in the district court.   See Graphic Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385 (Fed. Cir. 1998);   Pitsonbarger v. Gramley, 141 F.3d 728, 740 (7th Cir. 1998), petition for cert. filed, (U.S. July 8, 1998) (No. 98-5153).

excuses his failure to raise the issue earlier by showing cause for failing to raise it and prejudice therefrom or by showing that a fundamental miscarriage of justice would result from a failure to entertain the claim." United States v. Richards, 5 F.3d 1369, 1370 (10th Cir. 1993) (quotation omitted). In recommending that Gottschalk be allowed to amend his motion to assert an ineffective counsel claim, the magistrate judge informed Gottschalk that he had to satisfy the cause requirement for failing to raise the claim in his previous motions. The closest Gottschalk came to arguing cause in his subsequent proposed motion to amend was to cite United States v. Galloway, 56 F.3d 1239, 1240-41 (10th Cir. 1995), and state that "[t]here are no procedural bars to this court examining the ineffective assistance of counsel claims." R. Vol. III, Doc. 40, at 3. Galloway, however, held only that a claim of ineffective counsel was generally better raised in a § 2255 proceeding than on direct appeal; it did not hold that the prohibition against successive § 2255 motions did not apply to ineffective counsel claims. Thus, as the district court noted, see R. Vol. III, Doc. 44, at 30-31, Gottschalk did not establish cause for failing to raise his ineffective counsel claim in his earlier § 2255 motions, and has procedurally defaulted this claim. Because it would be an abuse of the district court's discretion to allow Gottschalk to amend his motion to assert a defaulted claim, we reverse the district court's dismissal of Gottschalk's

ineffective counsel claim without prejudice and remand with directions to dismiss the claim with prejudice.

**B**

Gottschalk's third issue reasserts his commerce clause challenge to the constitutionality of 21 U.S.C. §§ 841 and 846. We reject this argument for substantially the same reasons as stated in the district court's order.

**C**

As his fourth issue, Gottschalk contends that the district court improperly relied on admissions he made during a suppression hearing that preceded his guilty plea to find that there was an adequate factual basis to support his plea to the 18 U.S.C. § 924(c) charge under the carry prong. He argues that the factual basis for a plea can be established only at his Fed R. Crim. P. 11 hearing, and that hearing does not support his plea.

As part of the procedures for ensuring that a guilty plea is knowingly and voluntarily made, Rule 11(f) requires the district court to satisfy itself that there is a factual basis for a guilty plea before entering judgment on that plea. See United States v. Gallardo-Mendez, 150 F.3d 1240, 1245 (10th Cir. 1998). The factual basis must be reflected in the record, see United States v. Keiswetter, 860 F.2d 992, 996 (10th Cir. 1988), modified on reh'g en banc, 866 F.2d 1301 (10th Cir. 1989), and at least for purposes of review on direct appeal, the factual basis

generally must be reflected in the transcript of the plea proceeding itself, see, e.g. , United States v. Graibe , 946 F.2d 1428, 1434 (9th Cir. 1991) ("[C]laims of noncompliance with rule 11 must be resolved solely on the basis of the rule 11 transcript. That transcript provides all that is needed and all that is allowed for the resolution of such claims.") (quotations omitted). However, a violation of Rule 11 that may warrant reversal on direct appeal may not necessarily have the same result in a § 2255 proceeding. "[C]ollateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." United States v. Timmreck , 441 U.S. 780, 785 (1979) (quotation omitted). To be cognizable, the error must result in a "complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Id. at 784 (quotation omitted); see also United States v. Talk , ___ F.3d ___, No. 97-2088, 1998 WL 601092, at *5 (10th Cir. Sept. 11, 1998).

The question here is what portions of the record may be considered in determining whether there was a factual basis supporting Gottschalk's guilty plea under the carry prong of § 924(c). The plea hearing itself focused on the use prong, as that was the government's approach to the § 924(c) charge, and the hearing does not contain a factual basis to support the "immediate availability and physical transportation" elements necessary to support a carry conviction. See United States v. Spring , 80 F.3d 1450, 1465 (10th Cir. 1996). To find a factual

-11-

basis for his plea, the district court therefore relied on statements Gottschalk made to a magistrate judge at a suppression hearing nearly eighteen months prior to his plea hearing.

Even under the standard applicable to collateral review, we conclude that the district court erred in relying on the suppression hearing to find a factual basis for Gottschalk's plea. A valid guilty plea must be knowing and voluntary, and the procedures required by Rule 11, including Rule 11(f), are designed to ensure that result. See Gallardo-Mendez, 150 F.3d at 1245; United States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998). The Rule 11 proceeding here focused on the use prong of § 924(c); by itself, it did not produce a knowing and voluntary plea to the carry prong. Indeed, "[o]ur pre-Bailey definition of 'use' was so broad that neither party had a reason to focus on the factual issues relevant to the 'carry' prong . . . ." Spring, 80 F.3d at 1465. Moreover, the suppression hearing did not contain the Rule 11 safeguards designed to ensure a knowing and voluntary plea. Relying on statements made in a different context from and long prior to a guilty plea is more than a mere technical violation of Rule 11. Thus, without a valid factual basis for the plea, we cannot confidently say that Gottschalk knowingly and voluntarily pled guilty to carrying a firearm. [5]

_____

[5] We note that despite the general rule that an appellee may defend a district court's decision on any ground supported by the record, see Tinkler v. United
(continued...)

We therefore conclude that the district court erred in upholding the § 924(c) conviction under the carry prong, and that we must remand the matter to the district court for further proceedings. We do not, however, vacate the § 924(c) conviction. Before returning to the validity of the § 924(c) conviction on remand, the district court should first address whether Gottschalk has procedurally defaulted this claim by failing to raise it on direct appeal or in his two previous § 2255 motions. The district court apparently determined that Gottschalk could show cause for not raising his Bailey claim earlier because Bailey was not decided until after he filed his second § 2255 motion.[6] However, the Supreme Court subsequently rejected this means of showing cause in Bousley v. United States, 118 S. Ct. 1604, 1611 (1998); see also United States v. Powell, ___ F.3d ___, No. 97-1449, 1998 WL 730159, at *2 (10th Cir. Oct. 20, 1998). Moreover, it also appears unlikely that Gottschalk would be able to demonstrate "actual innocence" of the carrying conviction, which is the other way around the

_____

[5](...continued)
States ex rel. F.A.A., 982 F.2d 1456, 1461 n.4 (10th Cir. 1992), the government declined to argue on appeal that the district court correctly decided this issue, on the basis that the government had failed to raise the issue below.

[6] The district court raised the possibility of the defense of procedural bar sua sponte, which is permissible. To reject Gottschalk's claim on this basis, it would have to have given him an opportunity to respond to this defense. See Hines v. United States, 971 F.2d 506, 509 (10th Cir. 1992). Because it concluded Gottschalk had adequate cause for not raising his claim earlier, it never afforded him an opportunity to respond to the defense, and therefore, we cannot dismiss his claim on this basis.

procedural default rule. See Bousley, 118 S. Ct. at 1611. In rebutting any claim of actual innocence, the government can present any admissible evidence even if not offered at the plea colloquy, see id. at 1611-12; Powell, 1998 WL 730159, at *3, which would include Gottschalk's statements at the suppression hearing.

Finally, we reject Gottschalk's argument that should the district court conclude on remand that the § 924(c) conviction cannot be sustained, his sentence for manufacturing methamphetamine cannot be enhanced based on his possession of a firearm under U.S.S.G. § 2D1.1(b)(1). The district court correctly determined that such an enhancement is permissible. See United States v. Mendoza, 118 F.3d 707, 709-10 (10th Cir.), cert. denied, 118 S. Ct. 393 (1997).

### III

The judgment of the district court is AFFIRMED in part and REVERSED in part, and the case is REMANDED to the district court for proceedings consistent with this order and judgment.

Entered for the Court

Robert H. Henry
Circuit Judge

-14-