[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10747

Non-Argument Calendar

_____

RAIZA ROJAS,

Plaintiff-Appellant,

*versus*

KATHY HENDRIX,
As Evans County Georgia,
Superior Clerk of Court in Her Individual Capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:23-cv-00045-JRH-BKE

_____

Before WILSON, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Raiza Rojas, proceeding *pro se*, appeals from the District Court's dismissal of her 42 U.S.C. § 1983 complaint against Kathy Hendrix, the Clerk of the Superior Court of Evans County, Georgia, in her personal capacity. The District Court dismissed Rojas's complaint on the basis of qualified immunity, finding that Rojas did not show that she had a clearly established right to an evidentiary hearing on her state petition for a writ of habeas corpus. After careful review, we affirm the District Court's determination.

## I. Background

Rojas's § 1983 complaint arises out of an underlying criminal conviction in Georgia. A routine traffic stop on the car Rojas was driving became tumultuous after the officer conducting the stop smelled marijuana and asked Rojas to exit her vehicle. A jury ultimately convicted her of obstruction of an officer, driving on a suspended registration, and driving without proof of insurance.

While serving her sentence of one-hundred-eighty days of confinement, Rojas filed a petition for a writ of habeas corpus with the Evans County Superior Court. *See* O.C.G.A. 9-14-42 (providing that a prisoner may institute a habeas proceeding where there was a substantial denial of constitutional or state rights). She forwarded multiple requests to schedule an evidentiary hearing on her

petition, but that hearing never occurred before Rojas completed her sentence.

Rojas consequently filed a § 1983 action in the Southern District of Georgia against Hendrix in her personal capacity. She claimed that Hendrix failed to set an evidentiary hearing and thereby frustrated her petition for a writ of habeas corpus in violation of Rojas's "federal right of due process."[1] That is, Rojas asserted she has a right to an evidentiary hearing on her state habeas petition under the Fifth and Fourteenth Amendments, and that Hendrix's violation of this supposed right deprived Rojas of due process. Hendrix moved to dismiss the suit, and the District Court found that Rojas's claim is barred by qualified immunity because she did not show that the right at issue was clearly established at

---

[1] The record is muddled concerning the exact federal right which Rojas seeks to vindicate through her § 1983 action. Section 1983 requires a plaintiff to allege the "deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*." 42 U.S.C. § 1983 (emphasis added); *see also Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 1359 (1997). Rojas's complaint points to Hendrix's "failure to act" as a deprivation of a federal right, and obliquely refers to this right as her "federal right of due process, per a [w]rit of [h]abeas [c]orpus." In her brief, Rojas also points to Hendrix's "failure to act upon [Rojas's] [w]rit of [h]abeas [c]orpus [p]etition" as depriving Rojas "of a constitution[al] federal right, and a clearly established right separately codified and endorsed per . . . Georgia case law and statute."

Construing Rojas's *pro se* complaint liberally, *see Powell v. Lennon*, 915 F.2d 1459, 1463 (11th Cir. 1990), we follow the District Court's understanding that Rojas alleges that she has a right to an evidentiary hearing on her state habeas petition secured by her Fifth and Fourteenth Amendment rights to due process.

the time of Hendrix's purportedly violative conduct.  Rojas timely appealed the District Court's order granting Hendrix's motion to dismiss.

## II. Standard of Review

The defense of qualified immunity may be raised and considered on a motion to dismiss.  *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (citing *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)).  We review *de novo* the District Court's decision to grant or deny the defense of qualified immunity on a motion to dismiss, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor.  *Wilson v. Sec'y, Dep't of Corr.*, 54 F.4th 652, 659–60 (11th Cir. 2022).

"In the case of a *pro se* action, moreover, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 175 (1980) (per curiam)).  However, an issue is abandoned when a party seeking to raise it on appeal fails to do so "plainly and prominently."  *Sapuppo v. Allstate Floridians Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (internal quotation marks omitted).  This standard applies to *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III. Discussion

Lawsuits against public officials in their personal capacity impose costs not only on defendant officials but also on society as a whole, including the expenses of litigation, the diversion of

official energy from pressing public issues, the deterrence of able citizens from accepting public office, and the dampening of officials' ardor in performing their duties. *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S. Ct. 2727, 2736 (1982). The defense of qualified immunity "is the public servant's (and society's) strong shield against these dangerous costs." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996). It protects government officials performing discretionary functions from civil litigation and liability if their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known. *Id.* (citing *Harlow*, 457 U.S. at 817–19, 192 S. Ct. at 2738).

To assert a qualified immunity defense, the government official "must first prove that [she] was acting within [her] discretionary authority" when she performed the acts of which the plaintiff complains. *Bowen v. Warden, Baldwin State Prison*, 826 F.3d 1312, 1319 (11th Cir. 2016) (internal quotation marks omitted). But Rojas concedes in her complaint that Hendrix acted within the scope of her discretionary authority in relation to Rojas's claims. This satisfies Hendrix's threshold burden.

The burden then shifts to the plaintiff to show that the official violated her constitutional or statutory rights, and that the right was clearly established at the time of the official's conduct. *Fuqua v. Turner*, 996 F.3d 1140, 1149 (11th Cir. 2021) (first citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 2080 (2011); and then citing *Shaw v. City of Selman*, 884 F.3d 1093, 1099 (11th Cir. 2018)). Judges may decide which of the two prongs of this analysis

to address first in light of the circumstances in the case at hand. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818 (2009).

We first address whether the right to an evidentiary hearing on a state habeas petition is clearly established. To be clearly established, the contours of a right must be sufficiently clear such that every reasonable officer would have understood her conduct to violate that right. *Fuqua*, 996 F.3d at 1150 (citing *al-Kidd*, 563 U.S. at 741, 131 S. Ct. at 2083). A plaintiff may show this through: "(1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009) (citations omitted). The law must not be defined at a high level of generality, but rather be particularized to the facts of the case. *Fuqua*, 996 F.3d at 1150.

No law clearly establishes that a prisoner has a right to an evidentiary hearing in state court on a petition for a writ of habeas corpus. Certainly, Rojas points to no case law exhibiting such a right. Nor can we locate any such authority within our Circuit or in Georgia. Rather, we have upheld the qualified immunity of a state clerk like Hendrix in circumstances where the complainant sought damages from the Clerk of Court for failing to perform routine duties. *See, e.g.*, *Williams v. Wood*, 612 F.2d 982, 984–986 (5th Cir. 1980) (per curiam) ("In entering an order and notifying the

parties a clerk of court enjoys qualified . . . immunity.").[2]  And in the context of a postconviction appeal, the Georgia Supreme Court has rejected a due process claim grounded in the failure to schedule a hearing on a postconviction motion for eleven years.  *Glover v. State*, 728 S.E.2d 221, 224–25 (Ga. 2012).  While notable distinctions between the current case and precedents establishing the right are permissible "so long as the prior decisions gave reasonable warning that the conduct at issue violated constitutional rights," *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1277 (11th Cir. 2004) (internal quotation marks omitted), there is no identifiable precedent that would reasonably provide Hendrix fair warning that her failure to schedule an evidentiary hearing violated Rojas's constitutional rights.

Rojas instead argues, in effect, that a right to an evidentiary hearing on a state habeas petition is clearly established because it is an obvious constitutional right.  This fails for two reasons.  First, "clearly established law should not be defined at a high level of generality." *White v. Pauly*, 580 U.S. 73, 79, 137 S. Ct. 548, 552 (2017) (internal quotation marks omitted).  Otherwise, a plaintiff would be able to virtually overcome the rule of qualified immunity by "alleging violation of extremely abstract rights." *Id.* (internal quotation marks omitted).  This aims to avoid exactly the species of claim that Rojas asserts, in which a broad general proposition (due

---

[2] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

process) is alleged to provide fair notice that Hendrix's particularized conduct violated Rojas's rights. *See Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011).

Second, states are afforded wide latitude in deciding the appropriate procedures for postconviction relief. *Dist. Att'y's Off. for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69, 129 S. Ct. 2308, 2320 (2009). "'[W]hen a State chooses to offer help to those seeking relief from convictions,' due process does not 'dictat[e] the exact form such assistance must assume.'" *Id.* (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 559, 107 S. Ct. 1990, 1995 (1987)) (alteration in original). No authority suggests the federal right to due process encompasses a clearly established constitutional right to clerical action concerning the exact scheduling of a state habeas corpus evidentiary hearing. Indeed, the fundamental fairness mandated by due process does not even require the state to supply a lawyer to a prisoner seeking postconviction relief via state habeas proceedings. *Finley*, 481 U.S. at 557, 107 S. Ct. at 1994. This constitutional landscape could not provide Hendrix with the "fair notice" necessary to establish that her conduct was violative of Rojas's due process rights. *See Hope v. Pelzer*, 536 U.S. 730, 739–41, 122 S. Ct. 2508, 2515–16 (2002) (explaining that officers sued for damages under 42 U.S.C. § 1983 must have fair notice that their conduct deprived their victims of a constitutional right). We consequently cannot say that Rojas's invocation of due process as an obviously applicable constitutional principle meets the burden necessary to overcome Hendrix's qualified immunity.

## IV. Conclusion

For the foregoing reasons, the District Court did not err in dismissing Rojas's complaint as barred by qualified immunity. Because Rojas does not prominently and plainly raise on appeal the District Court's denial of leave to amend her complaint or the District Court's decision to dismiss her complaint with prejudice, she has abandoned these issues and we do not address them. *See Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d at 680. Accordingly, we affirm the District Court's dismissal of Rojas's complaint.

**AFFIRMED**